Norma Robinson **GLOSTER**, Administratrix of the Estate of Samuel W. Robinson, Deceased, Plaintiff,

v.

**PENNSYLVANIA RAILROAD COMPANY**, a corporation, and David W. Bishop, Defendants.

Civ. A. No. 61–640.

United States District Court
W. D. Pennsylvania.

Jan. 10, 1963.

Daniel M. Berger, Pittsburgh, Pa., for plaintiff.

Chauncey E. Pruger, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendants.

ROSENBERG, District Judge.

This is an action under the Pennsylvania Wrongful Death and Survival Acts. A motion now seeks to amend the original complaint by adding new averments of fact and a new party defendant. This will be allowed in part and disallowed in part.

The original complaint was filed in this Court on October 24, 1961. It avers that the deceased was employed by the Pullman Company, and while employed as a sleeping car porter in one of its trains, a fire broke out on October 3, 1961. The deceased engaged in the operation of extinguishing the fire and while doing so, suffered burns and smoke inhalation. The defendant railroad company took the deceased to Altoona, Pennsylvania, where he was treated by Dr. Bishop one of its physicians.

The amended complaint, among other things avers that the defendant railroad brought the deceased from Altoona to Pittsburgh, where he was taken to the railroad's medical department in its station. Here he was seen by Dr. Ferri, also a railroad physician, who acting as the agent of the defendant railroad, negligently treated the deceased, either causing or contributing to the cause of his death. The decedent died October 31, 1961, twenty-eight days after the fire.

The additional defendant objects to the motion to amend on the grounds that it is barred by the statute which limits the action to be brought within one year after the death and not thereafter. Act of April 26, 1855, P.L. 309 § 2.

There is a discrepancy between the complaint as originally filed and the amended complaint in that the original complaint avers that the death occurred October 3, 1961, and as already stated, the amended complaint asserts that the death occurred on October 31, 1961. Now this raises a question of fact which

must be proved by the plaintiff. However, it now appears that this may have been an error since the original complaint filed on October 24, 1961 would have been seven days before the death of the deceased as averred in the amended complaint, and we will assume that the death occurred October 3, 1961. Thus, under the law, October 3, 1962 was the last day in which a death action could have been brought. This takes into consideration the law that the first day of the period of limitations shall not be counted, and that the last day shall be counted. However, there is no objection against the averments contained in the original complaint, and no further discussion is necessary in that connection.

■ Robinson v. Waterman S. S. Co., D.C., 7 F.R.D. 51 (1947) is controlling. There the plaintiff filed a motion to amend by adding an additional defendant. The defendant objected on the grounds that the Statute of Limitations barred such action. The cause of action arose on August 11, 1944. The original complaint was filed December 16, 1944, and the amended complaint was filed July 30, 1946. The motion was heard on August 5, 1946, and granted, but it was not entered on the record until September 6, 1946. District Judge Smith, now Judge in the Third Circuit Court of Appeals, held that the Statute of Limitations was not a bar, and that the action against the additional defendant was commenced on August 5, 1946, *if not earlier*. Judge Smith cited Rule 5(e) of the Federal Rules of Civil Procedure which defines the term "filing with the court" as follows:

"The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, *except that the judge may permit the papers to be filed with him,* in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk." (Italics supplied.)

He further stated that the filing with the clerk on July 30, 1946, was the commencement of the new action: "it is our opinion that this (the filing on July 30, 1946) was actually the commencement of a new and independent action as against this defendant, for which leave of the court was not required."

The filing of the complaint, and not final court approval was sufficient to meet the requirements of Rule 3. Accordingly, this Court finds that the plaintiff's filing of the motion to amend on October 3, 1962 here was within the limitation of time allowed by law for bringing the amended party action.

To give sanction to objections to the amendment, that leave to amend must await the actual placement of a judge's signature on an order to amend, would be to lend impracticality and injustice to federal judicial processes and procedure. This case is an example. The amended complaint was filed on October 3, 1962, properly within the legislative mandate. Argument was heard November 8, 1962. The Court had need for researching and deliberating upon the law as applied to the facts of the case, and this had to be done while applying time and energy to the many other matters in a busy court. The necessary time so consumed (which must always be relative and hardly ever positive) should not and cannot be permitted as an obstacle to justice. Such is the intendment and spirit of the Federal Rules of Civil Procedure. The objections to the motion to amend will be disallowed.

■ In the seventh cause of action, the plaintiff seeks to invoke the remedy of the Federal Employers Liability Act against the defendant railroad because the fire which occurred on one of the pullman cars was part of the defendant's train, and which fire the plaintiff avers eventually caused the death of the decedent.

Mr. Justice Hughes in Robinson v. Baltimore & Ohio Railroad, 237 U.S. 84, 93 and 94, 35 S.Ct. 491, 493, 59 L.Ed. 849 (1915) said:

"We think it to be clear that in employing its servants the Pullman Company did not act as the agent

of the Railroad Company. The service provided by the Pullman Company was, it is true, subject to the exigencies of railroad transportation, and the Railroad Company had the control essential to the performance of its functions as a common carrier. To this end the employés of the Pullman Company were bound by the rules and regulations of the Railroad Company. This authority of the latter was commensurate with its duty, and existed only that it might perform its paramount obligation.

"With this limitation, the Pullman Company supplied its own facilities and for this purpose organized and controlled its own service, including the service of porters; it selected its servants, defined their duties, fixed and paid their wages, directed and supervised the performance of their tasks, and placed and removed them at its pleasure. * * *

"We are of the opinion that Congress used the words 'employé' and 'employed' in the statute in their natural sense, and intended to describe the conventional relation of employer and employé. It was well known that there were on interstate trains persons engaged in various services for other masters. Congress, familiar with this situation, did not use any appropriate expression which could be taken to indicate a purpose to include such persons among those to whom the railroad company was to be liable under the Act."

Further authority is found in Wells Fargo & Co. v. Taylor, 254 U.S. 175, 41 S.Ct. 93, 65 L.Ed. 205, and in Jones v. New York Central Railroad Co., 6 Cir., 182 F.2d 326, 328, cert. denied 340 U.S. 850, 71 S.Ct. 78, 95 L.Ed. 623.

Plaintiff does not bring this action against the Pullman Company, the employer of the deceased, but rather against the Pennsylvania Railroad Company. She makes no averment as to the relationship of employment between the de-

ceased and a railroad carrier, in accordance with the provisions of the Federal Employers Liability Act. Accordingly, no cause of action is shown and this part of the amended complaint will be disallowed.