**Mindy Linda PANITCH, a minor, by her guardian ad litem, Individually and as a member of a class, Plaintiff,**

**v.**

**STATE OF WISCONSIN et al., Defendants.**

**No. 72-C-461.**

United States District Court, E. D. Wisconsin.

Feb. 19, 1974.

Peregrine, Marcuvitz, Cameron & Peltin by Alan Marcuvitz and Howard Schoenfeld, Milwaukee, Wis., for plaintiff.

Robert W. Warren, Atty. Gen. of Wis. by John W. Calhoun, Asst. Atty. Gen., Madison, Wis., for State of Wis.

Max Ashwill, Madison, Wis., for Kahl.

George D. Prentice, Milwaukee, Wis., for Glendale & River Hills.

Aaron E. Goodstein, Milwaukee, Wis., guardian ad litem.

Before FAIRCHILD, Circuit Judge, GORDON, District Judge, and TEHAN, Senior District Judge.

### DECISION AND ORDER

PER CURIAM.

Mindy Linda Panitch, by her guardian ad litem, commenced this action in August, 1972, seeking declaratory and injunctive relief. She charged that form-

er § 115.82(7) of the Wisconsin statutes, as applied pursuant to a policy statement of the Wisconsin Department of Public Instruction dated December 18, 1969, denied certain handicapped children equal protection of the laws. It was urged that these children were effectively denied a program of education at public expense. By this court's order of November 16, 1972, Mindy, who is a handicapped child, was allowed to proceed on behalf of a class. Furthermore, the defendant school district was designated as representative of a class of defendants.

On August 9, 1973, chapter 89 of Wisconsin's laws of 1973 became effective. Chapter 89 is intended to provide, as part of the state's public education program, specialized education to meet the needs of handicapped children. The parties agree that chapter 89 prescribes a program that satisfies, at least in theory, the demands made in Mindy's original complaint. The defendants have moved to dismiss this action, therefore, on the basis of mootness. Alternatively, they seek to have the court abstain from further proceedings pending implementation of chapter 89.

Mindy Panitch opposes the motion, largely on the basis of two provisions in the new statute which she believes may delay or prevent implementation of the program. Furthermore, she seeks a preliminary injunction enjoining the defendants from utilizing those provisions and directing the immediate implementation of the sections providing specialized facilities, either publicly or contractually, for special needs.

Objection to the defendants' motion to dismiss or abstain is also made by the plaintiff's father, Herbert G. Panitch, who is himself named as a plaintiff in the amended complaint which was filed after chapter 89 became effective. He has added a claim for $12,000 which he expended in sending Mindy to a private school as a result of the state's alleged failure to provide facilities for Mindy between 1970, when the Panitch family became residents of Wisconsin, and the effective date of chapter 89. It is urged that the existence of this demand for monetary relief negates the contention that the action is moot.

Finally, the defendant school district has moved to dismiss the class action or, alternatively, to dismiss Mindy and Herbert Panitch on the ground that neither is a member of the class nor typical or representative of the members. With respect to Mindy, it is charged that she is not representative in that she was offered public facilities but elected not to utilize them. With respect to Mindy's father, Herbert, it is charged that his claim is for personal damages, whereas the plaintiff class, composed as it is solely of handicapped children, seeks declaratory and injunctive relief common to the class.

All of the above-described motions— the plaintiff's motion for preliminary injunctive relief and the defendants' motions to dismiss—have been fully briefed and argued before the three-judge court by counsel and the amicus curiae. They are now ready for decision. However, several preliminary matters should initially be mentioned.

■ First, at the oral argument we observed that the named defendants include several political bodies or governmental agencies which would appear to be improper parties to this action under 42 U.S.C. § 1983. See City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). No action will be taken on the court's own motion concerning that observance since other jurisdictional bases are alleged, and the defendants have not chosen to make an issue of it. We do inject a caveat, however, that the action which the court takes today is at least partly predicated on a doubtful jurisdictional basis.

■ Secondly, we have also observed that Herbert Panitch has been named as a plaintiff in this action and has asserted a claim without permission of the court under either Rule 15 or Rule 21, Federal Rules of Civil Procedure. Although the plaintiff alleges

that the complaint was amended and Herbert was added as a party plaintiff by consent of the defendants, that does not resolve the matter, at least in the absence of a written consent by opposing parties. Both actions required approval of the court, which was neither requested nor granted. Having now had the opportunity to consider the question, the court has concluded that such permission should not be granted.

The action was begun and allowed to proceed on behalf of a class of handicapped children who seek only declaratory and injunctive relief. The insertion of the parent at this point, for the apparent purpose of injecting a claim for money damages, has a tendency to cloud the issues presented by the class. His claim for damages based on past failure to provide public education for Mindy seems more properly suited to a separate action. Consequently, the amended complaint will be allowed to stand, but Herbert Panitch will be dropped as a named plaintiff, and those portions of the amended complaint asserting a claim on his behalf will be stricken. He would be free, we assume, to bring a separate action in the state courts for his alleged financial loss.

A distinction must be drawn between a claim for damages based on the state's failure to provide educational services *prior* to the enactment of chapter 89, as was discussed above, and a claim based on that statute for reimbursement by a child now attending private schools because public facilities are not yet available. Section 115.85(2)(d) of the statutes, as created by chapter 89, provides that state funds will be used to support such students; however, that section is not presently being utilized because of the court test of constitutionality made a prerequisite by § 22 of the enactment. At argument, counsel for the state indicated that even if the state court case results in a declaration of validity, retroactive payments for necessary private schooling will not be automatic. We reserve judgment on the question of requiring the state eventually to reimburse those handicapped children to whom no public education is currently available for expenses incurred in attending private schools since the effective date of chapter 89.

Turning to the motions before the court, it is our opinion that Mindy Panitch's motion for injunctive relief and the defendants' motions to dismiss must be denied. We also believe that the court should presently abstain from further action while retaining jurisdiction, subject to the caveat previously mentioned, to act later, if necessary.

■ Granting Mindy's motion for preliminary injunctive relief would have the court determine that there is a probability of ultimate success on her claim that the state is constitutionally required to provide specialized education for handicapped children at public expense. It would also require us then to determine that the class will suffer irreparable harm unless the court orders the immediate implementation of the provisions of § 115.85(2) of the state statutes as created by chapter 89. Inherent in the latter determination is a finding that the professional educators, administrators and experts assigned the duty of implementing the new law are not proceeding with all reasonable speed.

There are a number of impressive decisions suggesting that Miss Panitch is correct in her claim of entitlement to public education. Harrison v. Michigan, 350 F.Supp. 846 (E.D.Mich.1972); Mills v. Board of Education of the District of Columbia, 348 F.Supp. 866 (D.C.1972); Pennsylvania Association for Retarded Children v. Commonwealth of Pennsylvania, 343 F.Supp. 279 (E.D.Pa.1972). There are, however, other cases which raise a doubt or support a contrary conclusion. McMillan v. Board of Education of the State of New York, 430 F.2d 1145 (2nd Cir. 1970); New York State Association for Retarded Children, Inc. v. Rockefeller, 357 F.Supp. 752 (E.D.N.Y.1973); Aspira of New York, Inc. v. Board of Education of the City of New York, 58 F.R.D. 62, 64 (S.D.N.Y.1973).

Lau v. Nichols, 414 U.S. 563, 94 S.Ct. 786, 39 L.Ed.2d 1 (1974) casts little light on the subject. Although the Court found approximately 1800 linguistically handicapped San Francisco children entitled to specially tailored English language instruction, it rested its decision on statutory grounds and did not reach the equal protection argument. However, the state has recognized such entitlement in the past (see 56 Op.Atty. Gen. 82 (1967)) and is seriously attempting to fulfill its obligations with chapter 89. Judicial declarations of rights hardly seem necessary where those rights are recognized by the adversary and an attempt is being made to satisfy them. We do not believe it has been demonstrated that the defendants are failing to proceed with reasonable expeditiousness, and it appears, therefore, that judicial impetus is unwarranted at this time.

▉ The order sought by Mindy would also enjoin utilization of § 115.90 of the statutes, as created by chapter 89, and § 22 of the enactment itself. Section 115.90 allows the state superintendent of public instruction to waive most requirements of the new law until July 1, 1976. Section 22 requires the state attorney general to seek a declaratory judgment in state court as to the constitutionality of the private contracting feature contained in § 115.85(2)(d). As to the former, there is no showing that use of the waiver provision has even been threatened; indeed, we have been advised by affidavit that the state superintendent has no intention of so acting. As to the latter, we decline to enjoin a statutorily required action by a state attorney general in a state court to seek a declaratory judgment on a state constitutional issue.

▉ The defendants' motion to dismiss on the grounds of mootness must also be denied for the simple reason that the action is not moot. Clearly the language and intent of chapter 89 satisfy the plaintiff. This is obvious from the fact that the plaintiff now seeks implementation of chapter 89 rather than an order directing the defendants to devise a different program or implement one created by the court. However, creation of the statutes does not in and of itself moot this lawsuit. Only good faith implementation can. The action began with a claim that the plaintiff and her class were entitled to an education. The actual providing of such an education could moot the claim, but mere proposals and legislative formulations, without effective implementation, do not.

The defendants rely heavily on the case of Harrison v. Michigan, 350 F. Supp. 846 (D.C.1972), for the proposition that the action should now be dismissed because a satisfactory scheme exists, it is being implemented with diligence and the court can do no more than constitute a "cheering section". 350 F. Supp. at 848. We disagree. As noted, we do not believe the court should withdraw itself from this case until implementation is an established fact. We do believe, however, that the court should stay its hand while such implementation is proceeding. The continuing presence of the court is required in the event that delays become inordinate, the waiver provision is utilized, or the state court rules in such a way that a potential conflict arises between what the state constitution allows and the federal constitution may require.

▉ There remains for resolution the defendant school district's motion to dismiss the class or, alternatively, to dismiss Mindy and Herbert Panitch as representatives thereof. The issue as to Herbert is obviated by the court's earlier decision to drop him from the suit. The issue as to Mindy arises because of the defendants' allegation that Mindy's family refused a tendered offer of public facilities within the state. Because of that refusal, it is argued, she is outside of the class in that she has not been denied a program of education at public expense. The barrage of affidavits and counteraffidavits submitted on this point center on the Panitch family's re-

fusal to utilize the only state facilities available at the time they moved to Wisconsin. While those facilities may have been adequate for Mindy's maintenance, we are not convinced that they were adequate to provide the specialized education to which Mindy claims a right. Our view rests partially on the fact that when chapter 89 required consideration of individual educational needs and made alternatives available, the interdisciplinary team recommended that Mindy continue at her private school. We conclude, therefore, that her allegations have not been sufficiently rebutted to disqualify her from her representative status.

Therefore, it is ordered that Herbert G. Panitch be dropped as a party plaintiff to this action pursuant to Rule 21, Federal Rules of Civil Procedure, and that all references to his claim for relief in the amended complaint be stricken; in all other respects, the amended complaint is accepted by the court pursuant to Rule 15(a).

It is also ordered that the plaintiff's motion for preliminary injunctive relief be and hereby is denied.

It is further ordered that the defendants' motion to dismiss be and hereby is denied.

It is further ordered that the defendant school district's motion to dismiss the class action or the representatives thereof be and hereby is denied.

It is further ordered that all proceedings in this action be and hereby are stayed, until further order of the court, subject to the following conditions: (1) The plaintiff may petition to vacate this stay order and reactivate proceedings, and such petition will be granted upon a sufficient showing of dilatory conduct or inordinate delay in the implementation of chapter 89; no such petition will be entertained, however, prior to June 1, 1974. (2) The defendants are directed to prepare and submit to the court by September 1, 1974, a report on the implementation of chapter 89.