Janet Jackson KELLER et al., Plaintiffs,

v.

UNIVERSITY OF MICHIGAN, a non-profit corporation, et al., Defendants.

Civ. A. No. 74–72182.

United States District Court,
E. D. Michigan, S. D.

Aug. 2, 1974.

Beverly J. Clark, Detroit, Mich., for plaintiffs.

William M. Saxton, Robert M. Vercruysse, George M. Maurer, Jr., A. L. Zwerdling, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

KEITH, Chief Judge.

This is an action to remedy alleged sex discrimination by the defendants in their compensation, terms, conditions, and opportunities for employment of the plaintiffs. In their Amended Complaint, plaintiffs allege jurisdiction based on 42 U.S.C. §§ 1983, 1985(3), 1986, and 1988; 29 U.S.C. §§ 206(d) and 216(b); 28 U.S.C. §§ 1331 and 1343; the Fourteenth Amendment to the United States Constitution; 28 U.S.C. § 2201; 28 U.S.C. § 2072, Title IV, Rule 18(a); and common law misfeasance of office. Jurisdiction is also alleged under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. The matter is presently before the Court on defendants' Mo-

tion to Dismiss Plaintiffs' Amended Complaint, and on motions to be realigned as party plaintiffs filed on behalf of defendant Local 1583, Council # 7, AFSCME, AFL–CIO, and defendant International (American Federation of State, County, and Municipal Employees).

### I.

The American Federation of State, County, and Municipal Employees, AFL–CIO (hereinafter defendant International) and AFSCME Local 1583, AFL–CIO (hereinafter defendant Local) have filed separate motions seeking to be realigned as party plaintiffs. The defendant International and the defendant Local are charged in the Amended Complaint with violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e; with breaching a duty of fair representation under the National Labor Relations Act, as amended; and with violating conspiracy provisions of the Civil Rights Act of 1871, 42 U.S.C. § 1985(3).

The defendant Local has moved to be realigned on the ground that its real interest in the lawsuit lies with the plaintiffs and that it can more effectively present its position and represent its membership in this action as a party plaintiff. In support of its motion, Local 1583 sets forth allegations of its good faith in bargaining for the rights of women, and also sets forth facts which tend to indicate that a majority of its members are of minority origin or women so that as a matter of practical necessity it is compelled to be interested in the claims of plaintiffs.

The defendant International has filed a separate motion to be realigned on the grounds that it is not a party to a collective bargaining agreement for any employees at the University of Michigan nor is it a certified recognized representative of any employees at the University, and that it has never been named in a sex discrimination charge filed by plaintiff or any members of her alleged class with either the Michigan Civil Rights Commission or EEOC, which

filing it claims is a jurisdictional prerequisite to a court action alleging violation of Title VII. Further, defendant International vows that it is committed to eradicating sex discrimination in any guise, that it desires to promote the interests of female employees at the University of Michigan, especially those represented by AFSCME Local 1583, and that its real interests lie with the plaintiffs. In sum, the International argues that it is improperly a party defendant in the Title VII and the breach of duty of fair representation counts, and that the Amended Complaint fails to show that the International has interest adverse to the plaintiffs. On the other hand, the International asserts that it is a proper party plaintiff.

In opposition to these motions, the defendants named in plaintiffs' original Complaint have argued that neither the defendant International nor the defendant Local are properly before this Court. The original defendants argue in their response that the original plaintiffs never filed a motion to add parties under Federal Rule of Civil Procedure 21; therefore, the original defendants argue that the two newly-named defendants are not parties to this action, and the Court should not consider the motions to be realigned.

■ Ordinarily, under Rule 21 of the Federal Rules of Civil Procedure, a plaintiff cannot add new defendants without first making a motion and securing an order of the court. Rule 21 provides, in relevant part:

Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.

In the instant case, plaintiffs have attempted to add new defendants in the course of amending their Complaint. Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleadings once as a matter of course at any time before a responsive pleading is served. However, the proper procedure to add parties would still have been to request leave of this Court pursuant to Rule 21. *International Bro. of Teamsters v. American Fed. of Labor,* 32 F.R.D. 441 (E.D.Mich.1963). See Wright and Miller, *Federal Practice and Procedure,* § 1688.

The International and Local Unions are not yet parties before this Court and their Motions to Realign are premature. Accordingly, this Court will not proceed on the motions to be realigned until a motion from plaintiffs is filed to add the International and the Local Unions as parties to this action. However, in light of the motions to be realigned which these two Unions have filed, plaintiffs should seriously consider whether they wish to add the Unions as party defendants or as party plaintiffs.

If plaintiffs fail to file a motion to add the International and Local Unions as party defendants within thirty days from the date of this Order, the motions to be realigned shall thereupon be dismissed.

## II.

The University and the Board of Regents of the University have filed a Motion to Dismiss in response to plaintiffs' Amended Complaint in which the defendants renew their argument that the Complaint should be dismissed against them on the ground that they are not "persons" within the meaning of 42 U.S.C. §§ 1983, 1985, and 1986. In a footnote to its Memorandum Opinion and Order of May 16, 1975, this Court earlier rejected this argument stating that the question whether the University and the Regents are "persons" within the meaning of 42 U.S.C. § 1983 was premature. The Court therein explained that the issue would necessarily be disposed of by the determination of the defendants' Eleventh Amendment defense, which determination, the Court ruled, would depend upon an analysis such as was made by the Court in *Gordenstein v. The University of Delaware,* 381 F.Supp. 718 (D.C.Del.1974).

In *Gordenstein,* the Court found that the University of Delaware was sufficiently independent of the State of Delaware so as to remove it from the Eleventh Amendment's

protection. The Court held that the University was not a state agency *for the purposes of the Eleventh Amendment* based on the finding by the Court that the State of Delaware was not the *real party in interest.* To make its finding, the Court analyzed the relevant case and statutory law as well as the facts which were stipulated into the record which revealed the true nature of the relationship between the State and the University. The ultimate question before the Court was whether the relief sought by the plaintiffs would subject the State to liability and would necessarily jeopardize the revenue sources of the State.

■ This Court intends to use the same reasoning to determine whether, in the instant case, the University of Michigan is an agency of the State of Michigan, both for the purpose of the Eleventh Amendment as well as for the test of "personhood" under § 1983. The inquiry into whether the University of Michigan is a state agency in the context of § 1983 will also turn on whether the University could satisfy a judgment from funds other than those appropriated by the legislature and whether the University is essentially an autonomous entity. As the Court stated in *Gordenstein, supra,* the question is similar to the question confronted in determining the scope of a State's Eleventh Amendment immunity, and the same factors are of relevance. "The principal inquiry must be whether the exposure of the particular entity to liability will substantially burden the State Treasury or otherwise substantially hinder those operations over which the State has retained control," 381 F.Supp. at 725.[1] Pending disposition of the University's Eleventh Amendment defense, this Court will deny

this portion of defendants' Motion to Dismiss without prejudice.

### III.

■ Defendants further move this Court to dismiss plaintiffs' Amended Complaint on several grounds which have already been ruled upon by this Court. To the extent that the Court has already ruled in its Memorandum Opinion and Order of May 16, 1975, defendants' Motion to Dismiss is denied. Furthermore, the Court is of the opinion that plaintiffs have stated a claim upon which relief may be granted under 42 U.S.C. §§ 1985(3) and 1986. However, paragraph 43, Count III, of plaintiffs' Amended Complaint is hereby dismissed by stipulation. Moreover, to the extent that plaintiffs' Amended Complaint is based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the allegations against defendants not named in the charge filed with the EEOC are dismissed.

### IV.

Defendants urge this Court to dismiss Counts IV through VI of plaintiffs' Amended Complaint on the grounds that the Eleventh Amendment bars assumption of pendent jurisdiction by this Court, and that in any event this Court should exercise its discretion and refuse to hear the State law claims alleged within these Counts. In addition, defendants argue that Count V fails to state a cause of action and that Count IV, which alleges a claim for a breach of an employment contract, is cognizable only in the Michigan Court of Claims.

To the extent that defendants' arguments for dismissing Counts IV through VI

---

1. The Sixth Circuit decision in *Long v. Richardson,* 525 F.2d 74 (1975), to which defendants have referred the Court does not command a different result. In *Long,* the Court held that the Eleventh Amendment barred suit for money damages against Memphis State University because the State of Tennessee had not specifically waived government immunity as to Memphis State University. While it is clear from *Long* that a waiver of the Eleventh Amendment must be specific to be effective, the logic of

*Gordenstein* is still good law. In other words, as the Court in *Long* points out, each State University must be considered separately to determine whether the action in question is in reality a suit against the State within the meaning of the Eleventh Amendment. The threshold question still remains whether a judgment, if entered, would necessarily be paid out of State funds. See, *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

are based on the shield which the Eleventh Amendment raises against extending the judicial power of the United States over a suit involving a citizen and a State, defendants' Motion to Dismiss is denied as premature for the reasons stated above. Similarly, the Court shall retain jurisdiction over the claims alleged in Counts IV and VI until the factors which are relevant to the exercise of the Court's discretion can be fully analyzed. The leading case on this issue, *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), sets forth the factors to be considered by the Court before assuming pendent jurisdiction. Accordingly, this Court shall only assume jurisdiction of the pendent State claims if it concludes that judicial economy, convenience, and fairness will be promoted, that the Court shall not be forced to make unnecessary decisions of State laws, and that State issues do not predominate nor do the State claims constitute the real body of the case. However, the Court cannot make such a determination until the question whether the Court has jurisdiction over the federal claims as alleged against these defendants is settled.

The Court shall retain jurisdiction of Counts IV and VI pending its final analysis of the defendants' § 1983 and the Eleventh Amendment defense. However, the Court shall hereupon dismiss Count V. A more comprehensive analysis is not necessary for this Court to conclude that Count V clearly raises a novel issue of State law upon which the Michigan Courts have not yet ruled.

### V.

Defendants have asserted that plaintiffs' Amended Complaint must be dismissed to the extent that it requests relief in the form of punitive damages. The defendants argue that punitive damages are not allowable under 42 U.S.C. § 2000e et seq., and other counts against the defendants in this suit. In opposition to defendants' motion, plaintiffs claim that defendants' motion is untimely. This Court agrees with plaintiffs in this regard. Plaintiffs

are entitled to a day in court on the question they have raised. In that plaintiffs in this action are only at the initial pleading stage, that aspect of defendants' motion which seeks to dismiss plaintiffs' claim for punitive damages is denied without prejudice to renew it at an appropriate future time.

IT IS SO ORDERED.