Mindy Linda PANITCH, a minor, by her guardian ad litem, Individually and as a member of a class, Plaintiff,

v.

STATE OF WISCONSIN et al., Defendants.

No. 72–C–461.

United States District Court, E. D. Wisconsin.

Sept. 19, 1977.

609

Peregrine, Marcuvitz, Cameron & Peltin by Alan Marcuvitz, Milwaukee, Wis., for plaintiff.

Quarles & Brady by Laurence C. Hammond, Jr., Michael J. Spector, Quinn W. Martin, Milwaukee, Wis., for Glendale and River Hills.

Bronson C. LaFollette, Atty. Gen. of Wis. by John W. Calhoun, Madison, Wis., for State of Wisconsin.

Max C. Ashwill, Madison, Wis., for Thompson.

Aaron E. Goodstein, Milwaukee, Wis., guardian ad litem.

Before FAIRCHILD, Circuit Judge, and REYNOLDS and GORDON, District Judges.

## DECISION and ORDER

The case is presently before us on motions filed by the plaintiff, the defendant Joint City School District, city of Glendale and village of River Hills (Joint School District), and the defendant state of Wisconsin, the state superintendent of public instruction and the state department of public instruction (the state defendants). Each party proposes a different method for disposing of this action.

The plaintiff's motion seeks five separate orders. First, it requests this court to vacate the stay of proceedings in effect pursuant to the decision and order of this court dated February 26, 1976. Secondly, the plaintiff's motion seeks an order finding that the plaintiff class is constitutionally entitled to an education at public expense. Third, we are asked to find that the plaintiff class will suffer irreparable harm unless the court orders full implementation of subchapter IV of Chapter 115, Wis.Stats. (subchapter IV). Fourth, the plaintiff's motion requests a finding that the defendants have failed to implement subchapter IV with reasonable speed and an order that full implementation occur no later than September 1, 1977. Fifth, the motion asks us to appoint a special master to supervise implementation on a state-wide basis and to provide periodic reports to the court.

The defendant Joint School District filed a motion to dismiss or for summary judgment, seeking alternatively a dismissal of the entire action or a dismissal only as to the Joint School District.

The state defendants' motions seek: (1) summary judgment dismissing the action as against the state defendants, (2) an order creating a subclass of Wisconsin public elementary-secondary school districts that have not complied with subchapter IV, and (3) an order appointing a master with authority to enforce compliance by the proposed subclass members. On August 3, 1977, the state defendants filed an amended motion for appointment of a master.

By letter dated August 9, 1977, counsel for the Joint School District requested that

its motion to dismiss be considered prior to the court's reaching the other pending motions. On August 11, 1977, the parties were advised that the court would first resolve the Joint School District's motion to dismiss and the state defendants' motion for creation of a subclass. In this decision and order, we do indeed resolve these two motions. Having done so, however, we deem it appropriate to discuss and resolve some of the remaining motions.

We have determined that the defendants' motions should be denied, and the plaintiff's motion to vacate the stay of proceedings should be granted. The remaining portion of the plaintiff's motion, requesting various orders that reach the merits, will be treated as a motion for summary judgment and be disposed of in accordance with a schedule for briefing and oral argument specified herein.

## THE JOINT SCHOOL DISTRICT'S MOTION TO DISMISS

The defendant Joint School District contends that the plaintiff's entire action should be dismissed for failure to state a claim. The movant bases its contention on *Snowden v. Hughes*, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944). In *Snowden*, the plaintiff claimed that the defendant state election officials failed to follow a state law requiring that a successful primary election candidate be certified for inclusion on the general election ballot. The defendants' conduct was claimed to constitute "an unequal, unjust and oppressive administration" of state law in violation of the Fourteenth Amendment equal protection clause. The trial court dismissed the complaint and the Supreme Court affirmed, holding that:

> "The unlawful administration by state officers of a state statute, fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be an element of intentional or purposeful discrimination." 321 U.S. at 8, 64 S.Ct. at 401.

Joint School District urges that subchapter IV is constitutionally adequate on its face and that the plaintiff has not alleged intentional or purposeful discrimination. Thus, it is argued, a claim that the state of Wisconsin officials have not complied with subchapter IV fails to establish an equal protection violation.

We are not persuaded that *Snowden* controls the instant case. *Snowden* holds that an equal protection question is not raised every time that a state official fails to comply with state law. Accord, *Beck v. Washington*, 369 U.S. 541, 555, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962).

The case at bar raises a very different equal protection question. The plaintiff commenced this action because the state statutes then in force and the policies of the Wisconsin department of public instruction were claimed to deprive the plaintiff class of their right to equal protection under the Fourteenth Amendment. The plaintiff class demands the same opportunity for an education at public expense enjoyed by other children in Wisconsin.

After the commencement of this action, Chapter 89 of the Wisconsin Laws of 1973 became effective, facially satisfying the demands of the plaintiff's complaint. In a ruling dated February 19, 1974, we held that this action was not mooted by the passage of such legislation; only effective implementation would moot the case. *Panitch v. State*, 371 F.Supp. 955, 959 (E.D.Wis. 1974). The plaintiff class has continued to urge that actual implementation of the statute is constitutionally required. Thus, the plaintiff class claims that the failure to implement subchapter IV constitutes a failure to provide the class with that to which they are *constitutionally* entitled—an education at public expense. In *Snowden*, on the other hand, the plaintiff did not claim that he was constitutionally entitled to his place on the election ballot. We therefore find that *Snowden* does not govern the case at bar.

The defendant Joint School District seeks its dismissal from this action on two other grounds: (1) the case has become moot as to it because it has totally implemented

subchapter IV and (2) Joint School District is no longer representative of the class of defendants because it has fully implemented the statute.

The plaintiff has conceded that the Joint School District "has probably totally implemented" the pertinent provisions of the statute, stating that "[w]hile there may be individual controversies in specific cases, plaintiffs are unable to demonstrate that the District is not in compliance" with the statute. For this reason, the plaintiff has not opposed the Joint School District's motion to be dismissed from this action on the ground that it is no longer representative of the class. However, the plaintiff's agreement in this regard is contingent upon the court's granting the state defendants' motions. Since we are rejecting the state defendants' motions, we assume that the plaintiff's nonopposition to the Joint School District's dismissal is withdrawn.

■ In accordance with our decision herein to reach the constitutional issue, we do not believe that the Joint School District's compliance provides a basis for its dismissal or for a finding that they are no longer representative of the class of defendant school districts. In light of our decision to vacate the stay of proceedings, the issue in this case now is whether the defendants have the constitutional duty to provide an education to the plaintiff class at public expense. Fulfillment of the school district's statutory responsibility may or may not constitute fulfillment of its constitutional duty. Joint School District stands in the same position with respect to this issue as the rest of the class. Furthermore, its representation of the class until now assures us that the class has been and will continue to be adequately represented.

## THE STATE DEFENDANTS' MOTIONS

The state defendants have presented motions which foresee the state defendants' dismissal from the case because of their alleged compliance with the new state statute and a shift in emphasis from monitoring the compliance of the state defendants to monitoring the compliance of the local school districts. It is proposed that a subclass be created consisting of those school districts not in compliance with subchapter IV and that the state superintendent of public instruction be appointed special master to identify the subclass members and enforce compliance. We do not believe that this proposed avenue for resolving this case is appropriate.

■ We are reluctant to arm the state superintendent with powers that the Wisconsin legislature declined to give her under subchapter IV. If it should become necessary in the future to designate a special master in this cause, it is probable that we would select someone to act who is not a party to this action.

■ We will deny the state defendants' motion for summary judgment for the same reason that the Joint School District's motion to dismiss must be denied. Until it is determined whether the provisions of subchapter IV are in fact sufficient to discharge the defendants' constitutional duty to the plaintiff class, and until the defendants' constitutional duty is discharged, they should not be dismissed.

## THE PLAINTIFF'S MOTION

Over four and one half years ago, we denied the plaintiff's motion for preliminary injunctive relief, stating:

"Granting Mindy's motion for preliminary injunctive relief would have the court determine that there is a probability of ultimate success on her claim that the state is constitutionally required to provide specialized education for handicapped children at public expense. It would also require us then to determine that the class will suffer irreparable harm unless the court orders the immediate implementation of the provisions of § 115.85(2) of the state statutes as created by chapter 89. Inherent in the latter determination is a finding that the professional educators, administrators and experts assigned the duty of implementing the new law are not proceeding with all reasonable speed.

.    .    .    .    .

"However, the state has recognized [the plaintiff's] entitlement in the past (see 56 Op.Atty.Gen. 82 (1967)) and is seriously attempting to fulfill its obligations with chapter 89. Judicial declarations of rights hardly seem necessary where those rights are recognized by the adversary and an attempt is being made to satisfy them. We do not believe it has been demonstrated that the defendants are failing to proceed with reasonable expeditiousness, and it appears, therefore, that judicial impetus is unwarranted at this time." *Panitch v. State*, 371 F.Supp. 955, 958–59 (1974).

We denied injunctive relief notwithstanding the plaintiff's assertion that the state superintendent could waive most of the requirements of subchapter IV under authority of § 115.90, Wis.Stats. (now § 115.895, Wis.Stats.). We noted that "there is no showing that use of the waiver provision has even been threatened; indeed, we have been advised by affidavit that the state superintendent has no intention of so acting." 371 F.Supp. at 959.

In the same decision, the defendant's motion to dismiss on the grounds of mootness was also denied for the reason that the mere creation of the new law did not moot the lawsuit. We stated that the court should not withdraw from the case until the legislation was fully implemented. We issued a stay of proceedings pending implementation of the new law, but noted that:

"The continuing presence of the court is required in the event that delays become inordinate, the waiver provision is utilized, or the state court rules in such a way that a potential conflict arises between what the state constitution allows and the federal constitution may require." 371 F.Supp. at 959.

Based on the present record, we are now convinced that the delay in implementation of subchapter IV has been inordinate, and "judicial impetus" is required. As a result of a combination of factors, including a lack of staff and resources, predicted dates for compliance have come and gone, and an estimated 20 percent of the children in Wisconsin with exceptional educational needs have not yet been served.

▪ We also note that the state superintendent has utilized the waiver provision in § 115.895, Wis.Stats., in order to grant additional time to the Milwaukee school district to evaluate between 6,000 and 8,000 referred cases. We do not find that all of the defendants or all members of the class have been purposefully dilatory, but it appears that the delay has been excessive, particularly in light of the defendants' own projections as to when full compliance could be expected. Therefore, the plaintiff's motion to vacate the stay of proceedings will be granted.

▪ The plaintiff's motion also seeks a series of orders which reach the merits and grant relief in the form of full and immediate implementation of subchapter IV. We believe that it would be more appropriate to treat this portion of the plaintiff's motion as seeking summary judgment, to establish a very short briefing schedule and to set a date for oral argument. Counsel are therefore requested to submit briefs covering the following matters:

1. Whether this court should declare that the defendants, irrespective of subchapter IV, are required under the equal protection clause of the Fourteenth Amendment to the United States Constitution to provide an education at public expense to the plaintiff class.

2. If such declaration is made, whether an injunctive order should be entered and a master appointed to oversee its implementation.

Therefore, IT IS ORDERED that the plaintiff's motion to vacate the stay of proceedings be and hereby is granted.

IT IS ALSO ORDERED that the defendant Joint City School District's motion to dismiss be and hereby is denied.

IT IS FURTHER ORDERED that the state defendants' motions for creation of a subclass, appointment of a master and for summary judgment be and hereby are denied.

IT IS FURTHER ORDERED that the parties submit briefs on the plaintiff's motion, treated as one for summary judgment, according to the following schedule: the plaintiff should serve and file her brief by 9/29/77; the defendants should serve and file their brief in opposition by 10/11/77; the plaintiff should serve and file her reply brief by 10/18/77. A non-evidentiary hearing will be held before the three-judge court on October 28, 1977, in Room 225, Federal Building, Milwaukee, Wisconsin.