CHARPENTIER v YOUNG

Docket No. 77-1099. Submitted February 22, 1978, at Detroit.—Decided May 8, 1978. Leave to appeal applied for.

Irene and Ludger Charpentier were injured in a collision with an automobile driven by Francis R. Young and owned by Margaret Lovernick, and which was involved in a chase with the police at the time of the accident. The Charpentiers brought an action for damages against Young, Lovernick, and the Police Department of the City of Ferndale. The plaintiffs later filed a motion to amend their complaint to add Benny Chincarini, Margaret Chincarini, Clarence M. Jones, and Charles Lamoureaux under the dramshop act. All of these added defendants are owners of establishments where defendant Young had been drinking prior to the accident. The plaintiffs' motion was granted; however, the amended complaint was not filed with the court for service upon the added defendants until some four months later. In the intervening time the two-year period for the commencement of actions under the dramshop act had run. The Oakland Circuit Court, Robert B. Webster, J., granted accelerated judgment of dismissal in favor of the dramshop proprietors, based upon the statute of limitations. Plaintiffs appeal. *Held:*

The accelerated judgment was proper. Whether a party seeking to add parties has complied with the court rules so as to entitle him to suspend the running of an applicable limitations period is a matter for determination in the first instance by the trial court, and in this case the delay by the plaintiffs in filing the amended complaint with the court for service was of the plaintiffs' own making.

Affirmed.

D. C. RILEY, J., would prefer a more definite rule for cases similar to this other than the majority's general discretion

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitation of Actions §§ 236, 272, 471.
[2] 47 Am Jur 2d, Judgment §§ 1080–1213.
[3] 51 Am Jur 2d, Limitation of Actions § 471.

standard. Judge RILEY concurred in the result, however, on the facts of this particular case.

OPINION OF THE COURT

1. ACTION—LIMITATION OF ACTIONS—ADDED PARTIES—COMPLIANCE WITH COURT RULES—JUDGE'S DISCRETION.

The question of whether a party seeking to add new parties to the litigation has complied with the court rules so as to entitle him to suspend the running of an applicable limitation period in favor of an added party is for determination in the first instance by the trial court (GCR 1963, 118, 207).

2. JUDGMENT—ACCELERATED JUDGMENT—COMPLAINT—AMENDED COMPLAINT—FILING OF COMPLAINT—COMMENCEMENT OF ACTION—COURT RULES.

Accelerated judgment was properly granted in favor of defendants who were added parties by way of an amended complaint where the plaintiff did not file the amended complaint with the court for service until after the applicable limitation period had run; the timely filing of a motion to amend together with a copy of the proposed amended complaint was not sufficient to commence the action as to the added defendants within the meaning of the court rules where the plaintiff delayed some four months from the grant of his motion to amend until he filed the amended complaint with the court for service (GCR 1963, 101, 118, 207).

CONCURRENCE IN RESULT BY D. C. RILEY, J.

3. ACTION—COMMENCEMENT OF ACTION—LIMITATION OF ACTIONS—AMENDED COMPLAINT—STANDARDS.

*The question of whether an amended complaint is barred by a statute of limitations where the plaintiff obtains permission to amend before the statutory period runs but does not file the amended complaint until after the statutory period runs should be decided according to a rule more definite than a standard of general discretion.*

*Lopatin, Miller, Bindes, Freedman & Bluestone* (by *Michael Gagleard),* for plaintiffs.

*Taub & Still, P. C.,* for defendants Benny and Margaret Chincarini.

*Seth H. Barsky,* for defendant Clarence M. Jones.

*Katsoulos & Gillis* (by *David L. Richards),* for defendant Charles Lamoureaux.

Before: BEASLEY, P. J., and BASHARA and D. C. RILEY, JJ.

BASHARA, J. Plaintiffs appeal from a trial court order granting defendants'-appellees' motion for an accelerated judgment. That motion was based upon the alleged failure of plaintiffs to commence their dramshop action[1] against these defendants within the two-year statute of limitations.[2]

Injury was sustained by plaintiffs from a collision with an automobile driven by defendant Young, occurring on August 2, 1974. During a July 2, 1975, pretrial deposition, plaintiffs learned that Young had been drinking at the establishments of the defendants involved in this appeal.

On March 10, 1976, plaintiffs filed a motion to amend their complaint to add those defendants under the dramshop act. After several adjournments, the motion was heard without opposition and granted on March 31, 1976. Attached to the motion was a copy of the proposed amended complaint, but, according to the record, it was not filed with the court for service until August 6, 1976. Apparently, the intervening time period was consumed by plaintiffs' motion for entry of an order allowing the complaint to be amended and several adjournments of the hearing on that motion. This

[1] MCL 436.22; MSA 18.993.
[2] In pertinent part the dramshop act provides, "Any action shall be instituted within 2 years after the happening of the event and * * * ." *Id.*

latter motion was granted on July 7, 1976, and a *nunc pro tunc* order was filed on August 24, 1976.

Plaintiffs contend that the filing of the motion to amend, together with a copy of the proposed amended complaint, constituted a commencement of the action against the added defendants within the meaning of GCR 1963, 101.[3] Consequently, plaintiffs maintain that the action was commenced on March 10, 1976, well within the limitations period, which ended on August 2, 1976.

In the alternative, plaintiffs argue that the statute of limitations was tolled during the interim between the filing and granting of the motion to amend. Adding this 21-day period to the time limitation on dramshop actions, plaintiffs maintain that the amended complaint was filed within the statute of limitations, which did not bar commencement of proceedings until August 23, 1976.

Appellees contend that rule 101 be strictly construed. Accordingly, they argue that only when the amended complaint is actually filed should the action be deemed to have commenced against the added defendants.

The opposing sides of this controversy bring into juxtaposition the purposes and policy underlying our court rules permitting pretrial amendment of pleadings and those upon which are founded statutes limiting the time in which a cause of action may be prosecuted. As applicable to the instant case, the former permit a diligent plaintiff to seek recovery from those whose potential liability and existence are not discovered until after the initiation of a cause of action against another involved in the same transaction or occurrence.[4] The latter

---

[3] Rule 101 provides simply that "A civil action is commenced by filing a complaint with the court".

[4] *See* GCR 1963, 118 and 207 for the rules facilitating an amendment to add parties. Their respective Federal rule derivatives, rules

promote security from litigation arising out of transactions or occurrences remote in time.

Noting that GCR 1963, 101 is derived from FR Civ P 3,[5] plaintiffs cite a number of Federal court decisions holding that the filing of a motion to amend to add parties is commencement of the action against those parties.[6] To support their tolling theory, plaintiffs cite the decision of this Court in *Forest v Parmalee (On Rehearing)*, 60 Mich App 401; 231 NW2d 378 (1975).

While the Federal decisions are enlightening, we decline to formulate any inflexible rule based upon their suggested interpretation of the Federal counterpart to GCR 1963, 101. Similarly, a more appealing fixed rule of procedure is not yielded from our review of *Parmalee.* Our conclusion is that any rule made to apply without regard to the peculiar circumstances of each case would undermine the purposes of both our court rules and the statutes of limitation and invite a risk of injustice of an unacceptably high degree.

We, therefore, conclude that whether a party seeking to add parties to the litigation has complied with the court rules so as to entitle him to suspend the running of an applicable statute of limitations in favor of an added party, is for determination in the first instance by the trial court. An added party may obtain the trial court's review of the circumstances leading up to the

15(a) and 21, have been construed to entail the same basic standards in governing a motion to add parties whether the motion is made pursuant to Federal rule 15(a) or 21. *See* FR Civ P 15(a) and 21, *Gibbs v Titelman,* 369 F Supp 38, 53 (ED Pa, 1973).

[5] *See* 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 33.

[6] *Rademaker v E D Flynn Export Co, Inc,* 17 F2d 15 (CA 5, 1927), *Derdiarian v Futterman Corp,* 36 FRD 192 (SD NY, 1964), *Gloster v Pennsylvania R Co,* 214 F Supp 207 (WD Pa, 1963), *Robinson v Waterman S S Co,* 7 FRD 51 (DNJ, 1947).

filing of the amended complaint by filing a motion for accelerated judgment based upon the statute of limitations. The trial court may then review *de novo* the procedural steps taken by the amending party to assure that dilatory tactics have not unjustly deprived the added party of his legitimate statute of limitations defense. It is then within the discretion of the trial court to grant or deny the motion based upon his evaluation of the circumstances in each case.

In every case cited by the plaintiffs under FR Civ P 3, the particular circumstances were of dominant influence on the court. Their common factual characteristics included the filing of a motion to amend at or near the end of the limitations period, a ruling on the motion near or after the expiration of that period, and a contemporaneous filing and service of the amended complaint.[7]

In the case under review, the plaintiffs obtained knowledge of the added defendants' potential liability more than a year before expiration of the statute of limitations. Their motion to amend was filed eight months later and granted more than four months prior to the end of the limitations period. Nevertheless, the plaintiffs permitted the remaining four months to lapse before filing the amended complaint with the court for service upon the added defendants.

As stated by Justice Swayne of the United States Supreme Court:

---

[7] In *Rademaker,* the motion was filed, heard, and granted with process issuing and being served upon the added defendant within the limitations period. The motion in *Derdiarian* was filed 23 days before the statute of limitations expired and was heard and granted four days before with an order signed seven days after expiration. In *Gloster,* the motion was filed on the last day of the limitations period and through the fault of the court only, was heard 36 days later. The motion in *Robinson* was filed 12 days before the end of the limitations period and was heard and granted six days thereafter with an order and amended complaint filed simultaneously with the court pursuant to FR Civ P 5(e).

"Statutes of limitation are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs. An important public policy lies at their foundation. They stimulate to activity and punish negligence. While time is constantly destroying the evidence of rights, they supply its place by a presumption which renders proof unnecessary. Mere delay, extending to the limit prescribed, is itself a conclusive bar. The bane and antidote go together."

*Wood v Carpenter,* 101 US 135, 139; 25 L Ed 807, 808 (1879), quoted in *Ramsey v Child, Hulswit & Co,* 198 Mich 658, 671; 165 NW 936 (1917). Our rule 101 is in harmony with these considerations by providing a simple and expeditious means of ascertaining when a civil action has been commenced. *Buscaino v Rhodes,* 385 Mich 474, 484; 189 NW2d 202 (1971). Only where a plaintiff demonstrates diligence in discovery and compliance with procedural rules should a deviation from the foregoing principles be permitted to avoid a defense based on the statute of limitations.

Under the circumstances of this case, we find that the trial court properly granted the added defendants' motion for accelerated judgment. That judgment strikes a fair balance between the objectives of our court rules and the valuable purposes served by the statute of limitations. Plaintiffs cannot now complain of a situation created by their own lack of diligence.

Affirmed. Costs to defendants.

BEASLEY, P. J., concurred.

D. C. RILEY, J. *(concurring in result).* Although I concur in the majority's holding that plaintiffs'

amended complaint was barred by the statute of limitations, I would prefer that some more definite rule be formulated for similar cases other than the majority's general discretion standard. A statute of limitations is primarily a technical counting process which provides some measure of security to the parties in regard to when the statutory bar goes into effect. A possible rule would be that the statute be tolled for the amount of time the court takes to decide on a motion to amend if that delay extends beyond the date on which the original limitations period would end. The problem of dilatory actions to increase this delay could be handled by the trial court's vigilance over its motion docket.

In the present case plaintiffs were not precluded from filing the amended complaint prior to the end of the limitations period because of the 21 days it took to grant the motion to amend. It was plaintiffs' delay, and not the court's, which caused the late filing. Therefore, I concur in the holding that accelerated judgment was properly granted.