314 S.E.2d 416

**Alvin J. CHARLTON and Lucille Charlton**

v.

**M.P. INDUSTRIES, INC., A Maryland Corporation, E.I. DuPont de Nemours & Company Incorporated, a Delaware Corporation and Benjamin F. Shaw Company, a Delaware Corporation.**

**No. 15977.**

Supreme Court of Appeals of West Virginia.

March 29, 1984.

Robert W. Friend, Parkersburg, for appellants.

Davis, Bailey, Pfalzgraf, Hall & Clovis, Parkersburg, Jackson, Kelly, Holt & O'Farrell, Charleston, for appellees.

McHUGH, Chief Justice:

This action is before this Court upon the appeal of Alvin J. Charlton and Ola Lucille Charlton, the appellants, from orders of the Circuit Court of Wood County in which that court dismissed from the action below the Benjamin F. Shaw Company (hereinafter "Shaw"), one of the appellees. This Court has before it the petition for appeal, all matters of record and the briefs and oral argument of counsel.

On July 10, 1980, the appellant, Alvin J. Charlton, was injured in an accident that occurred at an industrial plant located in Wood County, West Virginia. The plant was owned and operated by E.I. duPont deNemours and Company (hereinafter "DuPont"). At the time of the accident, the appellant was in the employ of M.P. Industries, Inc. (hereinafter "M.P. Industries") who was under contract with DuPont to perform various painting jobs within the building where the accident occurred. The appellant was allegedly injured while working on or around a system of ductwork in the building.

On May 25, 1982, the appellants filed an action against DuPont and M.P. Industries seeking various damages. In answers to interrogatories served by DuPont on July 1, 1982, the appellants discovered that approximately ten years earlier, the appellee Shaw had participated in the renovation of the building where the accident had occurred including the ductwork.

According to an affidavit by the appellants' counsel, on July 8, 1982, the appellants sought leave of the circuit court to amend their original complaint and add Shaw as a defendant to the action. However, the judge of the circuit court to whom the case had been assigned was absent from the circuit. The affidavit states that another judge of the circuit court refused to enter the order adding Shaw as a defendant because of a request by the absent judge that orders in cases assigned to him not be entered in his stead. The appellants, DuPont and M.P. Industries thereafter filed with the circuit clerk a stipulation in which the parties agreed to the addition of Shaw as a defendant to the action. An amended complaint was filed in the office of the circuit clerk on July 8, 1982, and service of process was accepted by the secretary of state on July 13, 1982. On July 12, 1982, the judge of the circuit court to whom the case was originally assigned entered an agreed order in which the court ordered that the amended complaint "be filed herein nunc pro tunc as of the 8th day of July, 1982."

Shaw moved the circuit court to dismiss it as a defendant and further moved that the July 12, 1982 order be set aside. Shaw mainly asserted, *inter alia*, that it should be dismissed because the appellants had improperly amended the complaint which was filed July 8, 1982 and the statute of limitations expired as to it on July 10, 1982. The trial judge dismissed Shaw as a party. The appellants sought relief from the dismissal of Shaw as a defendant through a *W. Va. R. Civ. P.* 60(b) motion.

The ultimate issue presented to this Court is whether *W. Va. Code*, 55–2–12(b) [1959], bars the addition of Shaw as a defendant.[1] Shaw was dismissed as an additional defendant upon the ground that the appellants had improperly amended their complaint adding Shaw as a defendant thereby allowing the two-year statute of limitations to bar Shaw. The appellants argue that the action should not be barred because the addition of a party to a civil action is accomplished by the use of an amended complaint pursuant to Rule 15(a) of the West Virginia Rules of Civil Proce-

---

1. *W. Va. Code,* 55–2–12(b) [1959], provides that "[e]very personal action for which no limitation is otherwise prescribed shall be brought ... within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries...." It is uncontested by the parties that the alleged accident in which the appellant, Alvin J. Charlton, was injured occurred on July 10, 1980, and that the statute of limitations with respect to recovery of damages for personal injuries sustained in that accident expired on July 10, 1982.

dure. Rule 15(a) provides, in pertinent part:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The appellants contend, therefore, that inasmuch as they obtained the written consent of the adverse parties, namely DuPont and M.P. Industries, the amended complaint was properly filed and the statute of limitations tolled.

Shaw, on the other hand, asserts that Rule 21 controls the addition of a party defendant. The relevant portion of Rule 21 states as follows: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Shaw argues that the circuit court properly dismissed it from the action because it was not added by order of the court upon motion prior to the expiration of the statute of limitations. Shaw further asserts that the agreed order entered July 12, 1982, in which the circuit court ordered that the amended complaint "be filed herein nunc pro tunc as of the 8th day of July, 1982" was invalid for purposes of tolling that statute of limitations.

The parties frame the central issue as to whether the appellants should be permitted to amend their complaint "only by leave of court or by written consent of the adverse party" under Rule 15(a) or only "by order of the court" under the provisions of Rule 21.[2] We find it unnecessary, however, to resolve that question inasmuch as we hold that whether Rule 15(a) or Rule 21 controls

---

**2.** Courts are in disagreement as to whether Rule 15(a) or Rule 21 controls with respect to whether a party may add or drop parties through the use of an amended pleading "before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, ... within 20 days after it is served...." As noted in 3 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 15.07[3] at 15–56 (2d ed. Cum.Supp.1983–84), when this dilemma arises, "[m]ost courts have held Rule 21 to be controlling when in conflict with Rule 15(a), the usual rationale being that the more specific rather than the more general rule should govern." *See, e.g., Keller v. University of Michigan,* 411 F.Supp. 1055 (E.D.Mich.1974); *Panitch v. State of Wisconsin,* 371 F.Supp. 955 (E.D.Wis. 1974); *Holtzman v. Richardson,* 361 F.Supp. 544 (E.D.N.Y.), *rev'd on other grounds sub. nom. Holtzman v. Schlesinger,* 484 F.2d 1307 (2d Cir. 1973), *cert. denied,* 416 U.S. 936, 94 S.Ct. 1935, 40 L.Ed.2d 286 (1974); *International Brotherhood of Teamsters v. American Federation of Labor,* 32 F.R.D. 441 (E.D.Mich.1963). *See generally* 3 J. Moore, *supra* at ¶ 15.07[2] n. 23 (collecting cases). However, various commentators and a number of recent cases favor the use of Rule 15(a) over Rule 21 for purposes of adding or dropping parties to a civil action during the early stages of the proceedings. *See, e.g., McLellan v. Mississippi Power & Light Co.,* 526 F.2d 870 (5th Cir.1976), *modified,* 545 F.2d 919 (5th Cir.1977) (en banc); *De Malherbe v. International Union of Elevator Constructors,* 438 F.Supp. 1121 (N.D.Cal.1977). *See generally* 3A J. Moore, *supra* at ¶ 21.02 n. 2; 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1479 at 401–02 (Supp.1982).

The United States Court of Appeals for the Fifth Circuit in *McLellan v. Mississippi Power & Light Co., supra,* followed the recommendations of Professor Wright when he asserted that Rule 15(a) is actually the more specific of the two rules, "since it sets forth a particular means by which a party attempts to add or drop parties—by amendment to his pleadings—as opposed to Rule 21's more general treatment of the overall subject matter of dropping and adding parties." 526 F.2d at 873, *citing* 6 C. Wright, *supra* at 401. Professor Wright further stated:

There are other reasons for allowing amendments that change or alter parties to be made as of right under the terms of Rule 15(a). The theory behind the provision for amendments as of course is that the court should not be bothered with passing on amendments to the pleadings at an early stage in the proceedings when the other parties probably will not be prejudiced by any modification of the pleadings. There is no reason why these same considerations should not apply to a change in parties as well as to any other amendment as of course. Moreover, the amendment of Rule 15(c) in 1966, providing for the relation back of amendments changing parties, impliedly sanctions the view that parties may be changed by a Rule 15 amendment, including one without leave of court when it is accomplished before a responsive pleading has been filed.

6 C. Wright, *supra* at 402 (footnote omitted).

the statute of limitations was tolled when the appellants filed their amended complaint with the circuit clerk on July 8, 1982.

For purposes of tolling a statute of limitations, a civil action is commenced under the provisions of Rule 3 "by filing a complaint with the court." *See Huggins v. Hospital Board of Monongalia County*, 165 W.Va. 557, 270 S.E.2d 160 (1980); *Gray v. Johnson*, 165 W.Va. 156, 267 S.E.2d 615 (1980). Rule 5(e) defines the filing with the court.[3] It has been held by various federal courts discussing Rule 3 of the Federal Rules of Civil Procedure that the filing of an amended complaint pursuant to Rule 5(e) of the same rules is sufficient to toll a statute of limitations regardless of other technical requirements under the rules.[4] *See United States v. Wahl*, 583 F.2d 285 (6th Cir.1978); *Krajci v. Provident Consumer Discount Co.*, 525 F.Supp. 145 (E.D.Pa.1981), *aff'd*, 688 F.2d 822 (3d Cir.1982); *Leathers v. Serrell*, 376 F.Supp. 983 (W.D.Va.1974); *Derdiarian v. Futterman Corp.*, 36 F.R.D. 192 (S.D.N.Y.1964); *Gloster v. Pennsylvania Railroad Co.*, 214 F.Supp. 207 (W.D.Pa.1963); *Robinson v. Waterman S.S. Co.*, 7 F.R.D. 51 (D.N.J. 1947). In *Gloster v. Pennsylvania Railroad Co., supra* at 208, the United States District Court for the Western District of Pennsylvania was confronted with a factual situation similar to the one in the case now before us. In *Gloster*, the court held that the "filing of the [amended] complaint, and not final court approval was sufficient to meet the requirements of Rule 3," thereby, tolling the statute of limitations in a wrongful death action. In so holding, the court in *Gloster* stated that to give credence to the argument "that leave to amend must await the actual placement of a judge's signature on an order to amend, would be to lend impracticality and injustice to ... judicial processes and procedure." *Id.*[5]

This Court noted in *Gray v. Johnson, supra*, that the "purposes of statutes of limitations are to prevent stale claims and permit defendants fair opportunity to defend." 165 W.Va. at 159, 267 S.E.2d at 617. Furthermore, the *"manner* in which the tolling statute operates is primarily designed to put litigants on notice that suit is being filed." *Prashar v. Volkswagen of America, Inc.*, 480 F.2d 947, 952 (8th Cir. 1973) (emphasis in original). In the case now before us, these objectives were accomplished when the appellants filed with the circuit clerk their amended complaint adding Shaw as a defendant to the civil action. There is no dispute that the amended complaint was properly filed in compliance with Rule 5(e) on July 8, 1982, two days before the expiration of the applicable statute of limitations. *See supra* note 1. Under the facts of this case, which are not controverted, the appellants sought court approval and were rebuffed because the judge to whom the case was assigned was absent. To reach a result which would be adverse to the appellants would be impractical and unjust. We, therefore, hold that a complaint which is amended to add a party, filed in compliance with Rule 5(e) of the West Virginia Rules of Civil Procedure,

---

3. *W.Va.R.Civ.P.* 5(e) provides as follows:

*Filing with the court defined.*—The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, who shall note thereon the filing date, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk; the notation by the clerk or the judge of the filing date on any such paper constitutes the filing of such paper, and such paper then becomes a part of the record in the action without any order of the court.

4. *F.R.Civ.P.* 3 is identical to *W.Va.R.Civ.P.* 3. *See N.C. v. W.R.C.*, 173 W.Va. 434, 317 S.E.2d

793 (1984); *Coury v. Tsapis*, 172 W.Va. 103, 304 S.E.2d 7 (1983).

5. Shaw asserts that the appellants could have avoided this controversy by simply commencing a new civil action against Shaw and then consolidating it with the action against DuPont and M.P. Industries. However, as the court noted in *Gloster v. Pennsylvania Railroad Co., supra,* the filing of the appellant's amended complaint on July 8, 1982 in compliance with Rule 5(e) was " 'actually the commencement of a new and independent action as against this defendant, for which leave of the court was not required.' " 214 F.Supp. at 208, *quoting Robinson v. Waterman S.S. Co., supra* at 54.

tolls *W.Va.Code,* 55–2–12(b) [1959], whether such complaint is amended in accordance with *W.Va.R.Civ.P.* 15(a) or such party is added in accordance with *W.Va.R.Civ.P.* 21.

Based upon the foregoing, the decisions of the Circuit Court of Wood County are hereby reversed and this case is remanded to that court for further proceedings consistent with this opinion.

Reversed and remanded.