Mindy Linda **PANITCH**, a minor by her guardian ad litem, Individually, and as a member of a class, Plaintiffs,

v.

The **STATE OF WISCONSIN** et al., Defendants.

No. 72–C–461.

United States District Court, E. D. Wisconsin.

Nov. 26, 1974.

**612**

Peregrine, Marcuvitz, Cameron & Peltin by Alan Marcuvitz and Howard B. Schoenfeld, Milwaukee, Wis., for plaintiffs.

Bronson C. LaFollette, Atty. Gen., by John W. Calhoun, Madison, Wis., for State of Wis.

Max Ashwill, Madison, Wis., for Kahl.

George D. Prentice, Milwaukee, Wis., for Glendale and River Hills.

Aaron E. Goodstein, Milwaukee, Wis., for guardian ad litem.

Before FAIRCHILD, Circuit Judge, and TEHAN and GORDON, District Judges.

## DECISION and ORDER

GORDON, J.

The plaintiff and the class she represents are handicapped children with exceptional educational needs. Subsequent to the commencement of this action, Chapter 89 of the Laws of 1973, Wis. Stats. § 115.01 et seq., was enacted. Scheduled to be fully implemented by 1976, chapter 89 is designed to provide, as part of the state's total public education program, specialized education to meet the needs of handicapped children. The parties agree that chapter 89 prescribes a program that satisfies, at least in theory, the demands made in the plaintiff's complaint.

In a decision and order dated February 19, 1974, this three-judge court determined that while "clearly the language and intent of chapter 89 satisfy the plaintiff . . . creation of the statutes does not in and of itself moot this lawsuit. Only good faith implementation can." 371 F.Supp. at 959. Consistent with such reasoning, we ordered

"that all proceedings in this action be and hereby are stayed, until further order of the court, subject to the following conditions:

"(1) The plaintiff may petition to vacate this stay order and reactivate proceedings, and such petition will be granted upon a sufficient showing of dilatory conduct or inordinate delay in the implementation of chapter 89; . . . . (2) The defendants are directed to prepare and submit to the court by September 1, 1974, a report on the implementation of chapter 89."

With its implementation report, the department of public instruction has filed a motion to dismiss, claiming that it has "discharged its constitutional and statutory responsibility." On the other hand, the plaintiff, using the same data, has moved this court to vacate its stay order on the grounds that certain aspects of the defendants' implementation and interpretation of chapter 89 have proved unsatisfactory. In addition, she

urges us to: 1) adopt certain "placement process guidelines"; 2) order the defendants to reimburse those parents who have provided private educational services for their children since the enactment of chapter 89; and 3) order the defendants to reimburse her in the amount of interim guardian ad litem and attorneys fees.

The defendant Joint City School District, City of Glendale and Village of River Hills, has also moved to dismiss. Its motion appears to have come in response to the observation of this court

> "that the named defendants include several political bodies or governmental agencies which would appear to be improper parties to this action under 42 U.S.C. § 1983. See City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973)."

371 F.Supp. 957.

Briefs with respect to the above-described motions have been submitted by the litigants and also by the amicus curiae.

We conclude that the joint school district's motion to dismiss those portions of the complaint which purport to state a cause of action against it under 42 U.S.C. § 1983 should be granted. It should be noted, however, that because jurisdiction is also alleged under 28 U.S.C. § 1331, the granting of such motion has no practical effect upon this litigation. See City of Kenosha v. Bruno, *supra.*

With respect to the implementation issues, it is our judgment that neither dismissal for mootness nor an order vacating our prior stay of proceedings determination is warranted at this time. In addition, we conclude that the plaintiff's motion for an award of interim guardian ad litem and attorneys fees should be denied, without prejudice.

Both the department of public instruction and the joint school district, as required, have submitted implementation reports. The report filed by the department of public instruction on September 3, 1974, indicates that the percentage of Wisconsin children with exceptional educational needs who are now receiving services has increased to "72 percent as contrasted to 52 percent served in 1972–73."

The department of public instruction states that it has inaugurated implementation measures which include: 1) "a system of continuous consultation with local school districts"; 2) "a process for continuous definition of various programs and service delivery options required to provide appropriate special education services to individual exceptional children"; 3) "extensive efforts . . . to implement the program developed under sec. 115.77(4)(f) . . . for the preparation, recruitment and in-service training of personnel in special education and related fields"; and 4) "an agreement between the [Department of] Health & Social Services and the Department of Public Instruction . . . which will provide for orderly transfer of the responsibility of educational services from day care centers as funded by Boards under Chapter 51.42 and 51.437, Wis.Stats., to local school agencies." Furthermore, the department of public instruction has promulgated placement process and appeal guideline proposals to "demonstrate the fullness of implementation of Chapter 89."

As of August 8, 1974, approximately 25 of the 436 local school districts in Wisconsin had failed to submit an annual plan as required by § 115.-85(3). Such noncompliance would appear to be inexcusable. Nevertheless, the plaintiff has not at this time made out a "showing of dilatory conduct or inordinate delay in the implementation of chapter 89" sufficient to cause us to vacate our stay order and reactivate these proceedings. Whether she can do so at a future date will depend, in part at least, upon the department of public instruction's response to this problem. We remain satisfied that the court should not withdraw itself from this case until implementation is an established fact.

The plaintiff challenges on "equal protection" and "due process" grounds certain of the placement and appeal guideline proposals which have been submitted by the department of public instruction. Section 115.85(2), entitled "Placement in Appropriate Program", provides in pertinent part that:

"(a) If the school district, the county in which the child resides or the cooperative educational service agency for the school district in which the child resides operates an appropriate special education program, the child shall be placed in such program.

"(b) If an agency enumerated in par. (a) does not operate a special education program which is appropriate for the child's needs, the child shall be placed in a program operated in this state by a public agency as near as possible to the place where the child resides.

"(c) If no public agency in this state operates an appropriate program the child shall be placed, with the approval of the state superintendent, in an appropriate public program in another state."

The constitutionality of § 115.-85(2)(d) was recently upheld by the Wisconsin supreme court in State ex rel. Warren v. Nusbaum, 64 Wis.2d 314, 219 N.W.2d 577 (1974); that section provides as follows:

"(d) To provide a special education program which is appropriate to the child's needs, the school board may, *upon approval of the state superintendent* and if no equivalent public program is *locally* available, contract with a private special education service whose governing board, faculty, student body and teachings are not chosen or determined by any religious organization or for any sectarian purpose." (emphasis supplied)

Meanwhile, department of public instruction placement process guideline proposal number 4.4, which is entitled "Approval of the State Superintendent", provides in relevant part that

"The State Superintendent of Public Instruction may approve of a request for placement of a child with exceptional education needs pursuant to Wisconsin Statutes 115.85(2) . . . (d) in a . . . . private in-state . . . special education service on the following criteria:

"4.41. The school board must have followed the placement process guidelines set forth in Section 4.3. . . . ."

Section 4.3 of the guideline proposals requires that before a child may be placed in "an appropriate program . . . offered by . . . any private in-state . . . special education services," it must be "determined that no public agency *in Wisconsin* can provide" such a program. (emphasis supplied)

Construing the word "locally" in § 115.85(2)(d) as referring to a statewide locale, it appears that the proposed placement process guidelines are consistent with the statutory language contained at § 115.85. Nevertheless, the plaintiff appears to claim that even if not intended by the legislature, "locally" should be construed as referring to an area of convenient accessibility. Otherwise, she asserts, equal protection tenets would be violated to the extent that under the state's interpretation of § 115.-85, a child with an exceptional educational need could be forced to live away from home—at an appropriate *public* facility located at some distant part of the state —even though an appropriate *private* facility was available in his own neighborhood. In our judgment, the state's requirement that the various options set forth at § 115.85(2) are to be considered sequentially, and not alternatively, is a rational one. While the state must provide each child with an equal educational opportunity, it is not necessarily required to do so in the context of a "neighborhood" or conveniently accessible setting, especially where, as here, a virtually infinite range of special educational needs must be met with limited resources.

■ The plaintiff also claims that "there is an overriding issue of procedural due process . . . caused by the Department's interpretation of Section 115.81 of the Statutes [entitled "Parental Appeals"]. That section, ostensibly designed to provide due process, has been interpreted to permit the makers of the crucial decision about a child's placement and program [the local school board] to sit as the appellate body in the event of an appeal." Section 115.81 provides for "(7) Appeal to State Superintendent" and "(8) Appeal to Court." In addition, the challenged appeal guideline proposals mirror such provisions. These facts totally undercut the thrust of the plaintiff's due process challenge.

■ The plaintiff has requested this court to establish a special master pursuant to Rule 53, Federal Rules of Civil Procedure, in order to facilitate reimbursement to those persons who have incurred expenses in providing educational services for their children in the period since the enactment of chapter 89. It should be noted that on August 2, 1974, a Milwaukee county court determined that the plaintiff's father, Herbert Panitch, was entitled to receive such reimbursement. Panitch v. Board of Education of the Joint City School District of the City of Glendale and the Village of River Hills, (unpublished opinion, Milwaukee County Court, Branch 7, case number C 80–795, decided August 2, 1974). In view of the apparent availability to the plaintiff and members of her class of state processes to consider such claims for reimbursement on an individual basis, we conclude that it would be inappropriate for this court to address the matter of such reimbursement at this point. Because it does represent a significant element of the total chapter 89 implementation picture, however, we believe that the defendants should come to grips with the subject of such reimbursement in subsequent implementation reports. See § 115.85(2)(d) and § 115.87(8).

■ The plaintiff has submitted an itemization of the hours and disbursements expended to date by her guardian ad litem and by her attorneys in the prosecution of this action. She contends that she is entitled to an order requiring the defendants to pay such interim fees at this time.

It is clear that the relief to which the plaintiff is ultimately entitled may include an award of such fees. Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970); Newman v. Piggie Park Enterprises, 390 U. S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); Lee v. Southern Home Sites Corp., 444 F.2d 143 (5th Cir. 1971); Bradley v. School Board of Richmond, Virginia, 53 F.R.D. 28 (E.D.Va.1971). Allowance of such an award is discretionary, however. Factors which include, among other things, the good faith of the defendants and whether this lawsuit was unnecessarily precipitated or maintained by their obduracy, remain to be considered by this court in determining whether such an award is needed in fashioning an effective remedy. In our judgment, it would be premature for this court to consider the question of the plaintiff's entitlement to an award of guardian or attorney's fees at this time.

Therefore, it is ordered that the plaintiff's motion for an order vacating our stay of proceedings order dated February 19, 1974, be and hereby is denied.

It is also ordered that the defendant department of public instruction's motion to dismiss this action on grounds of mootness be and hereby is denied.

It is further ordered that the defendant joint school district's motion to dismiss those portions of the complaint which purport to state a cause of action against it under 42 U.S.C. § 1983 be and hereby is granted.

It is further ordered that the plaintiff's motion for an order appointing a special master to implement the process of reimbursement to members of the plaintiff's class of expenses incurred by them in providing for their special educational needs in private facilities in the period since the enactment of Ch. 89, Wis.Stats., be and hereby is denied.

It is further ordered that the plaintiff's motion for an award of interim guardian ad litem and attorneys fees be and hereby is denied without prejudice.

It is further ordered that all proceedings in this action remain stayed until further order of the court, subject to the following conditions:

(1) The plaintiff may again petition this court to vacate this stay order and reactivate proceedings, and such petition will be granted upon a sufficient showing of dilatory conduct or inordinate delay in the implementation of chapter 89; no such petition will be entertained, however, prior to April 1, 1975.

(2) The defendants are directed to prepare and submit to the court by March 15, 1975, supplemental reports on the implementation of chapter 89. Such reports should include information concerning efforts to reimburse members of the plaintiff's class for the expenses incurred in providing private educational services since the enactment of chapter 89, as well as information concerning the department of public instruction's efforts to achieve the cooperation and compliance of local school districts within the state of Wisconsin.