Louise BOND, Individually and on behalf of her minor children, Rose Edwards, as President, New Day Welfare Rights Organization, an unincorporated association, Sara Jude, as President, Gary AFDC Mothers' Organization Welfare Rights Organization, an unincorporated association, Norma Jean Moore, as President, East Chicago Welfare Rights Organization, an unincorporated association, Individually and on behalf of all others similarly situated, Plaintiffs-Appellees,

v.

Wayne A. STANTON, Individually and in his capacity as Administrator of the Indiana State Department of Public Welfare, Marion M. Hilger, Robert M. Curless, Arvella M. Stanton, Robert G. Watson, Jr., James W. Burnett, Jr., Individually and in their capacity as members of the State Board of Public Welfare; John Kelley, Individually and in his capacity as Director of the Lake County Department of Public Welfare, Defendants-Appellants.

No. 75-1459.

United States Court of Appeals,
Seventh Circuit.

May 20, 1977.

Theodore L. Sendak, Atty. Gen., Donald P. Bogard, Asst. Atty. Gen., Indianapolis, Ind., for defendants-appellants.

Ivan E. Bodensteiner, Valparaiso University School of Law, Valparaiso, Ind., Seymour Moskowitz, Gary, Ind., for plaintiffs-appellees.

Before CUMMINGS and TONE, Circuit Judges, and HOFFMAN, Senior District Judge.*

TONE, Circuit Judge.

In *Bond v. Stanton*, 528 F.2d 688 (7th Cir. 1976), we held that the Eleventh Amendment does not bar the assessment of attorneys' fees against state officials sued in their official capacity under 42 U.S.C. § 1983 and sustained an award against the

defendants predicated on the District Court's finding of their bad faith.[1] The Supreme Court vacated our judgment and remanded the case to us "for further consideration in light of Pub.L.No.94–559 (Oct. 19, 1976)." 429 U.S. 973, 97 S.Ct. 479, 51 L.Ed.2d 581 (1977). We are thus to determine whether the application of the new statute eliminates the constitutional issue from the case. Our decision should of course be made on non-constitutional grounds if possible.

Pub.L.No.94–559, 90 Stat. 2641, 45 U.S. L.W. 165 (Dec. 14, 1976), amends 42 U.S.C. § 1988 by adding the following sentence:

"In any action or proceeding to enforce a provision of sections 1977, 1978, 1979, 1980, and 1981 of the Revised Statutes, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."[2]

The act is to be applied to pending cases unless doing so "would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. School Board of City of Richmond*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1976); *Thorpe v. Housing Authority of City of Durham*, 393 U.S. 268, 281, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969). Especially in light of the finding of bad faith, 528 F.2d at 690, the modest allowance of attorneys' fees made by the District

---

* The Honorable Julius J. Hoffman, Senior District Judge of the United States District Court for the Northern District of Illinois, is sitting by designation. Mr. Justice, then Judge, Stevens was a member of the original panel. On remand he is replaced by Judge Cummings.

1. We did so in reliance on the Supreme Court's summary affirmance in *Sims v. Amos*, 340 F.Supp. 691 (M.D.Ala.), aff'd, 409 U.S. 942, 93 S.Ct. 290, 34 L.Ed.2d 215 (1972). Defendants now tell us this was error because a later summary affirmance is inconsistent with the one in

*Sims; Murgia v. Massachusetts Board of Retirement*, 386 F.Supp. 179 (D.Mass.1974), aff'd, 421 U.S. 972, 95 S.Ct. 1972, 44 L.Ed.2d (1974). Although the point is now academic, we note that the two Supreme Court orders are not necessarily inconsistent, because in *Murgia* the district court had denied attorneys' fees not only on the Eleventh Amendment ground but, alternatively, "as a matter of discretion." 386 F.Supp. at 182.

2. Section 1979 of the Revised Statutes, referred to in the act, is 42 U.S.C. § 1983.

Court would not work a manifest injustice in this case. Nor are we persuaded by the argument that the combined impact on state treasuries of applying the act to all pending cases would result in manifest injustice. Plaintiffs will be eligible for an allowance of fees in those cases only if they prevail, and even then the allowance is subject to the court's discretion, which we must assume will be exercised to achieve a just result.

■ The act itself is silent on the question of its application to pending cases. The legislative history, however, clearly indicates that Congress intended to cover not only pending cases generally but this case in particular. See Remarks of Senators Abourezk and Kennedy,[3] 122 Cong.Rec. S17052 (daily ed. Sept. 29, 1969), and Representatives Anderson, 122 Cong.Rec. H12155, and Drinan, *id.* at H12160 (daily ed. Oct. 1, 1976); H.R.Rep.No.94–1558, 94th Cong., 2d Sess. 4 n.6 (1976). An amendment proposed by Representative Ashbrook which would have expressly limited the act to cases filed after its effective date was defeated. 122 Cong.Rec. H12166 (daily ed. Oct. 1, 1976).

It is equally clear that Congress intended that the act extend to statutory claims asserted under § 1983. Congress was aware that many § 1983 cases are, like the present case, decided on statutory rather than constitutional grounds and intended that Pub. L.No.94–559 cover all such cases. See Remarks of Senators Kennedy and Abourezk, 122 Cong.Rec. S17052, 17053 (daily ed. Sept. 29, 1976), and of Representative Drinan, *id.* at H12159 (daily ed. Oct. 1, 1976).

It is also clear that Congress intended the act to apply to actions against state officials in their official capacity. This case and others referred to in the legislative history are just such cases, as are many, if not most, of the cases brought under § 1983. *E. g., Edelman v. Jordan*, 415 U.S. 651, 667–668, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). See also *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Recognizing that the bill would cover government officials in their official capacity and authorize damages which would have an impact upon the treasuries of state and local governments, Senator Helms proposed an amendment which would have exempted state and local governments from the act. 122 Cong.Rec. S16432 (daily ed. Sept. 22, 1976). This amendment was tabled. *Id.* at S16433–16434.

Congress having intended to impose liability for attorneys' fees on state officials in their official capacity, the only question remaining is whether it had power to do so in view of the Eleventh Amendment.[4] In *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), the Court sustained Congress' power to order back pay and attorneys' fees in an action against a state under Title VII. The Court held that "the Eleventh Amendment, and the principle of state sovereignty which it embodies, see *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), are necessarily limited by the enforcement provisions of § 5 of the Fourteenth Amendment." Legislation adopted by Congress pursuant to that section for purposes of enforcing the provisions of the Fourteenth Amendment may "provide for private suits against States or state officials which are constitutionally impermissible in other contexts." 427 U.S. at 456, 96 S.Ct. at 2671.

■ In exercising these enforcement powers under § 5, Congress is not limited to remedying inequalities which the courts

---

**3.** Senator Kennedy said:

"In a case now pending, officials accepted Social Security Act funds for years for certain medical screening programs when in fact they had no such programs in most of the state.

". . . [I]n each of these cases, the victim . . . had to go to court to enforce the rights promised by Congress or the Constitution."

**4.** It is irrelevant that the state is not a person under § 1983, if indeed the defendants are correct in arguing that it is not. State officials clearly are. The Eleventh Amendment issue arises, not because the state is sued, for it is not, but because an award of attorneys' fees would have an impact on the state treasury. See *Edelman v. Jordan*, 415 U.S. 651, 28 S.Ct. 441, 52 L.Ed. 714 (1974).

would determine to be violative of the Constitution. It may prohibit conduct which would not otherwise be unlawful, in order to secure the guarantees of the Fourteenth Amendment. *Katzenbach v. Morgan*, 384 U.S. 641, 652–653, 656, 86 S.Ct. 1717, 16 L.Ed.2d 828 (1966). See also Cox, *Foreword: Constitutional Adjudication and the Promotion of Human Rights*, 80 Harv.L. Rev. 91, 107 (1966). And, as *Katzenbach v. Morgan* holds, great deference is to be accorded to Congress' determination of what measures are appropriate to that end. 384 U.S. at 653, 86 S.Ct. 1717.

Congress intended Pub.L.No.94–559 as an exercise of its power under § 5 of the Fourteenth Amendment and under the identical grant of the Thirteenth Amendment. See Remarks of Senator Abourezk, 122 Cong.Rec. S17052–17053 (daily ed. Sept. 29, 1976), and Representative Drinan, *id.* at H12160 (daily ed. Oct. 1, 1976); S.Rep.No. 94–1011, 94th Cong., 2d Sess. 5 (1976), 1976 *U.S.Code Cong. & Adm.News* at p. 5913; H.R.Rep.No.94–1558, 94th Cong., 2d Sess. 7 n.14 (1976). Its frequently expressed purpose in adopting the act was to assure that the opportunity to enforce federal civil rights would be available to all. The new legislation was intended to give "effective access to the judicial process" to the "vast majority of the victims of civil rights violations [who] cannot afford legal counsel," and thereby "to promote the enforcement of the Federal civil rights acts, as Congress intended, and to achieve uniformity in those statutes and justice for all citizens." H.R. Rep.No.94–1558, 94th Cong., 2d Sess. 1, 9 (1976); see also S.Rep.No.94–1011, 94th Cong., 2d Sess. 6 (1976), 1976 *U.S.Code Cong. & Adm.News* at 6343; Remarks of Senators Scott, Mathias, Kennedy, and Tunney, 122 Cong.Rec. S16251–16252 (daily ed. Sept. 21, 1976); *id.* at S17051 (daily ed. Sept. 29, 1976), and Representatives Kastenmeier, Fish, Holtzman, Jordan, and Seiberling, *id.* at H12155, 12163–12165 (daily ed. Oct. 1, 1976). Under the standard in *Katzenbach v. Morgan, supra*, 384 U.S. at 653, 86 S.Ct. 1717, the act was thus plainly within Congress' power under § 5 of the Fourteenth Amendment.

Even assuming that, contrary to our holding in our earlier decision, an award of attorneys' fees against the defendants in their official capacity would offend the Eleventh Amendment in the absence of the new act, the constitutional impediment is removed by the act. The Fourteenth Amendment qualifies the Eleventh, and when Congress acts pursuant to its power under the Fourteenth, the Eleventh must yield.

AFFIRMED.