Mindy Linda PANITCH, a minor, by her guardian ad litem, Individually, and as a member of a class, Plaintiff,

v.

The STATE OF WISCONSIN, Barbara Thompson, State Superintendent of Public Instruction, the State Department of Public Instruction, Joint City School District, City of Glendale and Village of River Hills, Individually, and as a member of a class, Defendants.

No. 72–C–461.

United States District Court, E. D. Wisconsin.

Nov. 21, 1977.

Peregrine, Marcuvitz, Cameron & Peltin, S. C., Alan Marcuvitz, Milwaukee, Wis., for plaintiff.

Quarles & Brady by Laurence C. Hammond, Jr., Michael J. Spector, Milwaukee, Wis., for Glendale & River Hills.

Bronson C. LaFollette, Wis. Atty. Gen., by John W. Calhoun, Asst. Atty. Gen., Madison, Wis., for State.

Max C. Ashwill, Madison, Wis., for Thompson.

Aaron E. Goodstein, Milwaukee, Wis., for Guardian ad Litem.

Before GORDON and REYNOLDS, U. S. District Judges, and FAIRCHILD, U. S. Circuit Judge.

### DECISION and ORDER

PER CURIAM.

## I. INTRODUCTION

This is an action in which the plaintiff class of handicapped children seeks a declaration that the statutes, policies and practices of the defendants deny them an education at public expense in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution. The plaintiff class also seeks an injunctive order requiring the defendants to provide them with an educational program at public expense sufficient to meet their needs.

In August, 1972, the named plaintiff, a blind and mentally retarded child, commenced this action through her guardian ad litem against the State of Wisconsin, the State Superintendent of Public Instruction, and the Joint City School District, City of Glendale and Village of River Hills (Joint City).

In a decision and order dated November 16, 1972, the following plaintiff class was certified:

"[A]ll handicapped educable children between the ages of four and twenty who are residents of Wisconsin and are presently being denied, allegedly, a program of education in public schools or in equivalent educational facilities at public expense."

The same decision and order certified a defendant class consisting of "all public school districts within the state."

In August, 1973, subchapter IV of Chapter 115, Wis.Stats. (subchapter IV) became effective. The parties agreed that subchapter IV on its face satisfied the plaintiff's constitutional demands. However, the court rejected the defendants' claim of mootness, stating that only full implementation of subchapter IV would moot the action. The court stayed further proceedings in the action pending such implementation. *Panitch v. State,* 371 F.Supp. 955 (E.D.Wis.1974).

On September 19, 1977, we granted the plaintiff's motion to vacate the stay of proceedings after we determined that the defendants' delay in their implementation of subchapter IV proceedings had become inordinate. The plaintiff's application for certain orders on the merits was treated by the court as a motion for summary judgment. We have received briefs and heard oral argument covering the following issues:

1. Whether this court should declare that the defendants, irrespective of subchapter IV, are required under the equal protection clause of the Fourteenth Amendment to the United States Constitution to provide an education at public expense to the plaintiff class.

2. If such declaration is made, whether an injunctive order should be entered and a special master appointed to oversee its implementation.

We have concluded that summary judgment should be granted to the plaintiff and that an injunctive order should issue. The application for the appointment of a special master will be held in abeyance.

## II.  SUMMARY JUDGMENT

Do the defendants have a constitutional duty to provide an education at public expense to the plaintiff class? In *Brown v. Board of Education of Topeka,* 347 U.S. 483, 493, 74 S.Ct. 686, 691, 98 L.Ed. 873 (1954), the court stated:

> "Today education is perhaps the most important function of state and local governments. . . . In these days, it is doubtful that any child may reasonably be expected to succeed in life if he is denied the opportunity of an education. *Such an opportunity, where the state has undertaken to provide it, is a right which must be made available to all on equal terms.*" (emphasis supplied)

The State of Wisconsin has undertaken to provide a free public school education to all children between ages 4 and 20. Wis.Const. Art. X, section 3. School attendance is compulsory by statute for both nonhandicapped and handicapped children. Wis. Stats. §§ 118.15 and 111.82.

It is clear that prior to this action meaningful education was not available to handicapped children on the same terms that it was available to nonhandicapped children. Except for those children who have been identified, placed and treated under subchapter IV since the inception of this litigation, a large number of handicapped children in Wisconsin are still being denied an education commensurate with their needs. According to the most recent information submitted by the parties, 20% of the state's handicapped children remain to be identified. Although the precise extent of the defendants' noncompliance has not been determined, there is no question that a significant portion of the plaintiff class remains to be identified, placed and specially educated.

Other courts have recognized that the equal protection clause is violated when handicapped children are denied a specialized education in the publicly-supported schools. *Mills v. Board of Education,* 348 F.Supp. 866 (D.C.1972); *In Interest of G. H.,* 218 N.W.2d 441, 447 (N.D.1974). The plaintiff and the state defendants agree that this constitutional principle controls this case.

Joint City does not deny the validity of this constitutional principle, but it argues that the plaintiff has not made the necessary showing of intentional discrimination required in equal protection actions. *Village of Arlington Heights v. Metropolitan Development Corp.,* 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); *Washington v. Davis,* 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976).

■ In our opinion, any doubt on the issue of intent has been dispelled by the fact that this case was commenced in 1972; subchapter IV became effective in 1973; yet at the end of 1977, a significant portion of the state's handicapped children has not even been identified, much less placed and given an appropriate education.

The state defendants urge that the onus of noncompliance is upon the defendant class of school districts. The defendant class representative, Joint City, argues that it has fully discharged its responsibility under subchapter IV and has therefore sought dismissal from the case. Thus, all of the present active parties defendant place the blame for the delay elsewhere. This unfortunate situation persists in spite of the defendants' awareness that members of the plaintiff class have grown older and have lost with finality several important years of educational opportunity.

■ We therefore find that summary judgment should be granted declaring that the defendants have collectively violated the right of the plaintiff class to equal protection of the laws.

## III.  INJUNCTIVE RELIEF

■ The inordinate delay in the defendants' implementation of subchapter IV and

the irreparable nature of the plaintiff class' loss of education compel us to grant injunctive relief. The defendants, collectively, must *promptly* provide the plaintiff class with an appropriate education at public expense.

The defendant state superintendent of public instruction is specifically directed to submit a report to the court by January 16, 1978, detailing (1) the incidence of children with exceptional educational needs; (2) the extent of compliance with subchapter IV, both statewide and by individually named school districts, in terms of identification, placement and programming; and (3) an up-dated report on the on-site and data review processes of the division of handicapped children.

The plaintiff's request for an appointment of a special master will not be granted at this time but will be reconsidered upon receipt of the superintendent's report.

In the event prompt and sufficient compliance is not made by the defendants with the affirmative injunction, this court contemplates not only the designation of a special master but also the imposition of strict sanctions and penalties upon any of the defendants found to be wilfully in noncompliance.

We note that this case is already five years old. Having previously determined that the delay is already "inordinate", we do not intend to permit any unjustified delays in obtaining full and meaningful compliance with the constitutional mandate. The failure of any defendant to accomplish total compliance in the very near future will impose on such defendant the heavy burden of attempting to justify such failure.

The parties agree that Joint City is now in full compliance with subchapter IV. Joint City will therefore be relieved of its representative status as it is no longer truly representative of the defendant class of noncomplying school districts.

Depositions and affidavits on file with the court indicate that the City of Milwaukee Public School District is in serious noncompliance. The affidavit of William W. Malloy, the assistant superintendent in charge of the division of exceptional education for the Milwaukee public school district, indicates that the current "diagnostic backlog" of children with exceptional educational needs exceeds 3000. Mr. Malloy's affidavit projects that this backlog will be reduced to 280 by August, 1978. Such projection does not include the time necessary for placement and programming. The Milwaukee Public School District's documented noncompliance qualifies it for substitution as the defendant class' representative, and it will be ordered to appear in such capacity in further proceedings, vice Joint City.

The City of Milwaukee Public School District is directed to submit a report to this court by January 16, 1978, specifying what progress it has made towards compliance with subchapter IV and what specific further steps it proposes to make to effectuate complete compliance.

## IV. CONCLUSION

Therefore, IT IS ORDERED that the plaintiff's motion for summary judgment be and hereby is granted, and we declare that the policies and practices of the defendants deny the plaintiff class an education at public expense in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution.

IT IS ALSO ORDERED that the defendants be and hereby are affirmatively enjoined promptly to provide all the members of the plaintiff class with an education at public expense which is sufficient to their needs and generally equivalent to the education provided to nonhandicapped children. The defendant state superintendent is directed to submit a report in conformity with the instructions contained in the foregoing decision.

IT IS FURTHER ORDERED that the City of Milwaukee Public School District be and hereby is designated the defendant class' representative, vice Joint City. The Milwaukee Public School District is directed