Mindy Linda PANITCH, a minor, by her guardian ad litem, Individually, and as a member of a class, Plaintiff,

v.

The STATE OF WISCONSIN, Barbara Thompson, State Superintendent of Public Instruction, the State Department of Public Instruction Joint City School District, City of Glendale and Village of River Hills, Individually, and as a member of a class, Defendants.

No. 72–C–461.

United States District Court, E. D. Wisconsin.

April 18, 1978.

See also 390 F.Supp. 611.

Peregrine, Marcuvitz, Cameron & Peltin by Alan Marcuvitz, Milwaukee, Wis., for plaintiff.

Quarles & Brady by Michael J. Spector, Laurence C. Hammond, Jr., Milwaukee, Wis., for Glendale & River Hills.

Bronson C. LaFollette, Wis. Atty. Gen., by John W. Calhoun, Asst. Atty. Gen., Madison, Wis., for State.

Max C. Ashwill, State Dept. of Public Instruction, Madison, Wis., for Thompson.

Chernov, Croen & Goodstein by Aaron E. Goodstein, Milwaukee, Wis., for Guardian ad Litem.

James B. Brennan, City Atty., by Patrick B. McDonnell, Milwaukee, Wis., for Milw. School Bd.

Ela, Esch, Hart & Clark by James F. Clark, Bruce Meredith, Staff Counsel, Wis. Education Assn. Council, Madison, Wis., for Wis. Ass'n of School Boards.

Before FAIRCHILD, Circuit Judge, and GORDON and REYNOLDS, District Judges.

## DECISION and ORDER

PER CURIAM.

There are four matters before the court for resolution: the plaintiff's motion for appointment of a master; the defendant class member Joint City School District, City of Glendale and Village of River Hills' motion to dismiss; the plaintiff's counsel's petition for an award of attorney's fees; and the plaintiff's guardian ad litem's petition for an award of fees. We find that the first two motions should be denied and that the latter two petitions should be granted.

## I. THE PLAINTIFF'S MOTION FOR APPOINTMENT OF A MASTER

In our ruling dated November 21, 1977, 444 F.Supp. 320, we held in abeyance the plaintiff's application for appointment of a master pending the defendants' filing of reports with the court. The state defendants and the defendant class representative have filed their reports as directed. The plaintiff has filed a response, and the defendants have filed their replies. The plaintiff argues that the defendants' efforts to comply with the injunction in this case are inadequate and persists in her request for the appointment of a master to monitor implementation of the injunction. We have reviewed the defendants' reports and are satisfied that good faith efforts have been undertaken to implement the injunction.

The primary obstacle to immediate implementation is the difficulty encountered in

identifying those students with exceptional educational needs. To this end, the state defendants have established several programs: an on-site review of each of the individual 436 school districts once every three years to assess the local districts' implementation of the required educational programs; a program audit procedure for investigating complaints and reports of noncompliance; an "internal data audit" of the individual districts to determine on an annual basis each district's success in identification, assessment, and placement of students with exceptional educational needs; and a "child find" program for actively seeking out handicapped children through the media, public presentations, and door-to-door canvassing. The data supplied indicates substantial progress in each of these programs.

The defendants' data also indicates that once the students with exceptional educational needs are identified, their placement in appropriate programs is accomplished promptly. Approximately 95% of those students who have been identified as having exceptional educational needs are being served annually. An additional 1.5% of the students would be served but for parental refusal to permit processing for special education.

The number of students with exceptional educational needs who currently are not being served must be estimated by predicting the percentage of students in the population with exceptional educational needs. We are persuaded that the "point-in-time incidence" figures used by the state defendants in making this estimation are more appropriate than the corresponding figures used by the United States Office of Education. The latter's figures were arrived at nearly two decades ago. Definitions of "handicap" conditions have undergone significant changes since that time, and the methods for predicting the prevalence of handicapped students have improved.

We are mindful that even with the use of the defendants' lower "point-in-time incidence" figures, 18% of the estimated number of students with exceptional education-al needs have yet to be served. Nevertheless, the state defendants have demonstrated that the various programs described above are actually in operation and provide close monitoring of the defendant class members. They also provide a reasonably effective and prompt mechanism for rectifying instances of noncompliance when discovered.

The defendant class representative's report indicates substantial improvement in the Milwaukee School District. The Milwaukee School District projects complete compliance with subchapter IV, chapter 115, Wis.Stats. by the beginning of the next school semester. The backlog of students awaiting placement in exceptional educational programs has been completely eliminated and the number of students awaiting evaluation reduced. Although substantial progress must still be made in the task of evaluating referrals, we are not convinced that the state defendants' procedures are inadequate to monitor the situation.

Furthermore, we are not persuaded that the appointment of a master will be of any significant assistance in providing more prompt implementation. The combined pressures of the injunction in this case and the statutory mandate of subchapter IV afford sufficient impetus for achieving the goal of complete implementation. For the foregoing reasons, the plaintiff's motion for appointment of a master will be denied.

## II. JOINT CITY'S MOTION TO DISMISS

The Joint City School District, City of Glendale and Village of River Hills (Joint City) has applied for an order dismissing it from this action. Joint City was the named representative of the defendant class until relieved of that status in the November 21, 1977, decision and order. Our finding that Joint City was no longer truly representative of the interests of the defendant class, in view of Joint City's conceded compliance with subchapter IV, was not intended to produce a redefinition of the defendant class as constituting only the noncomplying school districts. Indeed, in our decision dat-

ed September 19, 1977, reported at 76 F.R.D. 608, we rejected the motion of the state defendants to redefine the defendant class in that precise manner. Thus, Joint City, as a Wisconsin public school district, must remain a member of the defendant class and bear the burden of the injunctive order in the same manner as the other class members. For these reasons, the motion to dismiss of Joint City will be denied.

## III. ATTORNEY'S FEES AND GUARDIAN AD LITEM FEES

The plaintiff has submitted a petition for allowance of attorney's fees and guardian ad litem fees. The requested attorney's fees award is apparently pressed only against the state superintendent of public instruction. Notwithstanding the superintendent's assertion to the contrary, the plaintiff's claim for relief pursuant to 42 U.S.C. § 1983 was dismissed previously only as to the defendant class representative. *Panitch v. State of Wisconsin,* 390 F.Supp. 611, 613 (E.D.Wis.1974). The plaintiff's § 1983 action has survived against the superintendent throughout this litigation. Accordingly, the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C § 1988, as amended by Pub.L. No. 94–559, 90 Stat. 2641, applies to the claim against the superintendent.

An award of attorney's fees may be made in the court's discretion to the prevailing party under § 1988. This is so even if the action was commenced prior to the enactment of the Civil Rights Attorney's Fees Awards Act. *Bond v. Stanton,* 555 F.2d 172 (7th Cir. 1977). In *Bond,* the court also ruled that the Eleventh Amendment did not bar an award of attorney's fees against a state official acting in his or her official capacity. 555 F.2d at 174–175. The Supreme Court granted certiorari to review the 8th circuit's similar ruling on this question in *Finney v. Hutto,* 548 F.2d 740 (8th Cir. 1977). 434 U.S. 901, 98 S.Ct. 295, 54 L.Ed.2d 187 (1977).

The attorney's fees provision of § 1988 falls within the same category of statutory exceptions to the rule of *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), as the statute recently considered in *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The statute considered in *Christiansburg Garment Co.,* section 706(k) of Title VII of the Civil Rights Act of 1964, was described as falling within the category of statutes "authorizing the award of attorneys' fees to either plaintiffs or defendants, and entrusting the effectuation of the statutory policy to the discretion of the district courts." Id. at 416, 98 S.Ct. at 697. As to this category of statutes, the court held that "a prevailing *plaintiff* ordinarily is to be awarded attorney's fees in all but special circumstances." Id. (emphasis in the original).

Section 1988, in the same manner as § 706(k) of Title VII, authorizes an award of attorney's fees to the prevailing party in the court's discretion. Thus, employing the standard described in *Christiansburg Garment Co.,* we should award attorney's fees to the plaintiff, the prevailing party in this case, unless special circumstances are present. Other than the erroneous suggestion that the § 1983 action against the superintendent has previously been dismissed, the state defendants advance no reason for denying an award of attorney's fees to the plaintiff, although it is urged that we should deny or reduce particular components of the plaintiff's itemized request.

Our review of the record reveals no special circumstances to warrant denying an award of attorney's fees to the plaintiff. Moreover, we believe that an award is particularly appropriate in view of the valuable role played by the plaintiff in vindicating the congressional policy underlying § 1983 —the redress of deprivations of federally protected rights under color of state law. The plaintiff brought this action on behalf of all Wisconsin's handicapped students between ages four and twenty and against all of the state's school districts and the responsible state officials. Furthermore, the plaintiff's efforts may have contributed to

the state's enactment of subchapter IV, of chapter 115, which was enacted subsequent to the commencement of this litigation. Under the circumstances, an award of attorney's fees under § 1988 to the plaintiff is appropriate.

The plaintiff does not suggest that any part of an award of attorney's fees should be borne by any member of the defendant class of school districts. An award could not be made pursuant to § 1988 because the action against the school districts is predicated on 28 U.S.C. § 1331, which does not fall within the ambit of the Civil Rights Attorney's Fees Awards Act. An award of attorney's fees against any of the school districts would have to be based on a finding of bad faith. *Alyeska Pipeline Co.*, *supra*. However, the plaintiff does not make such an allegation in support of its request for attorney's fees, although the allegation has been made on previous occasions in the course of this litigation. The onus for the inordinate delay in implementing subchapter IV has never been assigned to any of the defendants individually, and we are not able to do so on the present record. Accordingly, we cannot find bad faith on the part of the defendant class members to justify an award of attorney's fees against any of them.

The plaintiff seeks an attorney's fee award of $50,000. We have considered the guidelines for attorney's fees awards set forth in *Waters v. Wisconsin Steel Works of International Harvester Co.*, 502 F.2d 1309, 1322 (7th Cir. 1974) and believe that an award of $25,000 is appropriate. Of particular significance in arriving at the appropriate award in this case are the time and labor involved and the success achieved by the plaintiff in addition to the factors discussed above in connection with the propriety of awarding fees under § 1988. In arriving at the above figure, we substantially agree with the state defendants' objection to the inclusion in the award of compensation for the proceedings before the Wisconsin supreme court in connection with the case of *State ex rel. Warren v. Nusbaum*, 64 Wis.2d 314, 219 N.W. 577 (1974). However, we disagree with the state defendants' objection to inclusion of compensation for the plaintiff's monitoring of the legislative activity concerning subchapter IV. The existence of that legislation and the defendants' efforts to implement it became the foundation for the defendants' defense and clearly played a substantial role in this case.

■ The guardian ad litem has also applied for an allowance of fees. Although Rule 17(c) is silent on the subject, we believe that an award for the reasonable value of services provided by the guardian ad litem may be taxed as costs against all of the defendants, jointly and severally. Such an award is not made pursuant to § 1988, but rather as a necessary consequence of the court's equitable responsibility to protect the interests of minor litigants who cannot protect themselves. *Mutual Life Insurance Co. of New York v. Ginsburg*, 228 F.2d 881 (3rd Cir. 1956).

The guardian ad litem has submitted an itemized request totalling $5565. While the defendants have not challenged the reasonableness of these fees, we believe that a fee of $4000 would be fair. Accordingly, the guardian ad litem's request for an award of fees will be granted in the sum of $4000.00 and shall be recovered as part of the costs taxable by the plaintiff. Since the guardian ad litem's fees are assessed as costs, the state defendants' contention that such an award is barred by the state's immunity under the eleventh amendment cannot be sustained. *Boston Chapter N.A.A.C.P., Inc. v. Beecher*, 504 F.2d 1017, 1029 (1st Cir. 1974), cert. denied 421 U.S. 910, 95 S.Ct. 1561, 43 L.Ed.2d 775 (1975).

Therefore, IT IS ORDERED that the plaintiff's motion for appointment of a master be and hereby is denied.

IT IS ALSO ORDERED that the defendant class member Joint City School District, City of Glendale and Village of River Hill's motion to dismiss be and hereby is denied.

IT IS FURTHER ORDERED that the plaintiff's request for an award of attorney's fees be and hereby is granted in the sum of $25,000, payable by the defendant state superintendent of public instruction.

IT IS FURTHER ORDERED that the plaintiff may tax, as part of her costs, guardian ad litem fees in the amount of $4000.