Jeffrey A. LASKOWSKI, Plaintiff,

v.

Gregory LEPINE, et al., Defendants.

No. 77–C–242.

United States District Court,
E. D. Wisconsin.

Dec. 21, 1978.

James C. Wood, Milwaukee, Wis., for plaintiff.

James B. Brennan, City Atty. by John F. Kitzke, Milwaukee, Wis., for defendants.

### DECISION AND ORDER

MYRON L. GORDON, District Judge.

This action is before me on the defendants' motion for an award of attorney's fees. The motion follows a jury trial in which all 16 of the defendant police officers were either dismissed on motions before verdict or were exonerated by the verdict from any liability under 42 U.S.C. § 1983 for the alleged use of excessive force in the arrest of the plaintiff in 1975.

The defendants, who were represented in all proceedings by the city attorney's office of the city of Milwaukee, seek an award of attorney's fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, which amended 42 U.S.C. § 1988. See *Bond v. Stanton,* 555 F.2d 172 (7th Cir. 1977). Under the act, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

In *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the Court considered under what circumstances an award of attorney's fees could be made to a prevailing defendant in an action under Title VII of the Civil Rights Act of 1964. Section 706(k) of Title VII, 42 U.S.C. § 2000e–5(k), provides that in an action under Title VII "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . ." The Court adopted the following standard to guide the district court's discretion in awarding attorney's fees to a prevailing defendant:

> "[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in *bad faith,* there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." 434 U.S. at 422, 98 S.Ct. at 701.

Although the court in *Christiansburg Garment Co.* did not consider the Civil Rights Attorney's Fees Awards Act, the standard provided in that case is an appropriate guideline for the exercise of discretion under 42 U.S.C. § 1988. *Panitch v. State of Wisconsin,* 451 F.Supp. 132, 135 (E.D.Wis.1978). Applying that standard to this case, I am unable to find that the plaintiff's action can be characterized as "frivolous, unreasonable or groundless."

The instant case primarily involved a disputed question of fact—did the defendants intentionally and maliciously injure the plaintiff after his arrest by using excessive force or did the plaintiff suffer his injuries when the defendants used reasonable force to subdue him because of his resistance? Two independent witnesses viewed the altercation and gave testimony consistent with the plaintiff's version of the incident. In finding for the defendants, the jury may have believed the version of the incident as testified to by the police officers who made the arrest or the jury may have found that the plaintiff's witnesses did not identify by a preponderance of the evidence which of

the police officers caused his injuries. In short, the case was a close one from a factual standpoint.

Although several of the defendants were dismissed either voluntarily by the plaintiff or on the defendants' motion to dismiss at the close of the plaintiff's case, I do not believe that even as to them the case was frivolous or groundless. The plaintiff was unable to show sufficient involvement by these defendants to permit the question of their liability to go to the jury, and I rejected the plaintiff's legal theory that they could be held liable notwithstanding the absence of their physical participation in the arrest.

The Court in *Christiansburg Garment Co.* cautioned against *post hoc* reasoning that could result in discouraging "all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." 434 U.S. at 422, 98 S.Ct. at 700. I decline to do so here. In my judgment, it would be inappropriate to award attorney's fees to the defendants in this action.

Therefore, IT IS ORDERED that the defendants' motion for an award of attorney's fees be and hereby is denied.