HERBERT J. GROVER, Superintendent Department of PublicInstruction
You have asked for my opinion concerning the relationship between the special education laws, sections 115.82 and 115.85, Stats., and the truancy and compulsory education laws, sections118.15 and 118.16.
The case in question concerns a seventh-grade child, identified as having exceptional educational needs. As required by law, the school district evaluated the child via a multidisciplinary team (M-team), section 115.80 (3), developed an individualized education program (IEP) for the child, section 115.80 (4), and made available to the child a full-time educational placement in the public school, section 115.80 (4m). The parents participated at the evaluation and IEP development stage and consented to the offered public school placement.
After the parents consented to the public school placement, the parents began to remove the child from the school one day a week for placement in a private education service at their expense. The parents did not appeal any portion of the IEP or the offered placement as was their right under section 115.81 (1)(a). The private placement has not been approved by either the school district or the Department of Public Instruction.
Given these facts, you have asked the following three questions:
1. When parents remove a child from the public school one full day each week to receive services in an unapproved private educational setting, is the child in compliance with the compulsory attendance law under section 118.15 (1)(a)? *Page 106 
2. If the child is not in compliance, is the school attendance officer obligated to pursue procedures for habitual truancy under section 118.16 (2), (5) and (6)?
3. If the district condones this practice of allowing parents to provide alternative services, is the district in effect approving of this change in the child's placement and, therefore, possibly obligating itself to pay for the private services?
In answer to your first question, when a child is removed from an approved placement and placed, without the district's permission, in a private setting, the compulsory education law is violated. Section 118.15 (1)(a) provides: "[A]ny person having under control a child who is between the ages of 6 and 18 yearsshall cause the child to attend school regularly during the full period and hours."
If the child is not attending the specified school during the full period and hours, the compulsory education law is violated. School attendance is compulsory by statute for both nonhandicapped and handicapped children. Panitch v. State ofWis., 444 F. Supp. 320, 322 (E.D. Wis. 1977).
Section 115.82 provides:
 Compulsory attendance. The provisions of s. 118.15
relating to compulsory school attendance apply during the school term to children with exceptional educational needs and may be satisfied by attendance at special education programs operated by a school district, county handicapped children's education board, board of control of a cooperative educational service agency, state or county residential facility or private special education service.
Section 118.15 (3) provides that children may be excused from an educational program under section 115.85 (2) in the same manner and for the same reasons as they may be excused from ordinary school programs. The implication is that compulsory education applies to any education program under that section just as it does to ordinary programs. Therefore, it is my opinion that the inclusion of "private special education service" in section 115.82 *Page 107 
contemplates a private placement which conforms to section 115.85 (2).
School districts through the M-team are charged with analyzing and diagnosing special education problems and offering appropriate placement in conformity with the state's public policy. The statutory preference is for public placement, preferably within the school district. The school district specially designed an IEP for this child and offered a public school placement. Parents cannot simply ignore the statutes. If they do not believe the offered placement is in the best interest of their child, they must exercise the appeal rights provided under section115.81. Your letter states that the parents in this case have chosen not to appeal the placement. This is their remedy if they believe the offered placement is inappropriate. By removing the child from the program they not only violate the compulsory attendance law, but estop themselves from judicial remedies. SeeTimms v. Metro. Sch. Dist. of Wabash County, Ind., 722 F.2d 1310,1316 (7th Cir. 1983).
Due to the lack of compliance, it logically follows that the school attendance officer is obligated by law to pursue procedures for habitual truancy under section 118.16 (2) and (5). While commencing a truancy proceeding under section 118.16 (6) may be optional, Secor v. Richmond Sch. Joint Dist. No. 2,689 F. Supp. 869 (E.D. Wis. 1988), the use of the word "shall" in section 118.16 (2) and (5) suggests that the notification and investigation must proceed. Although this statutory requirement may place undue hardship on the family and increased demand on the school attendance officer, such concerns are legislative ones which this office is unable to address.
Your final question concerns whether the school district is required to pay for the services rendered by the private organization if the determination is to allow the present situation to continue. The answer to this question is no. Since the district has offered an appropriate placement at public expense, it has complied with both Wisconsin and federal requirements for *Page 108 
special or handicapped children. The state need not provide the optimum education. See Board of Educ., etc. v. Rowley, 458 U.S. 176
(1982).
DJH:WDW *Page 109